Jimmy COVINGTON, Herbert Spruill and Franklin Haskin, Appellants,

v.

Harry ALLSBROOK, Appellee.

No. 80–6444.

United States Court of Appeals, Fourth Circuit.

Argued Oct. 9, 1980.

Decided Nov. 25, 1980.

George K. Walker, Williamsburg, Va., for appellants.

James Peeler Smith, Raleigh, N. C., for appellee.

Before RUSSELL, WIDENER and ERVIN, Circuit Judges.

ERVIN, Circuit Judge:

Jimmy Covington, Herbert Spruill and Franklin Haskin, North Carolina prison inmates, filed a pro se claim pursuant to 42 U.S.C. § 1983, asserting that they are subjected to cruel and unusual punishment because saccharin is served in drinks at the prison without an accompanying warning of its possible adverse effect on the health of the consumer. The district court dismissed for failure to state a claim upon which relief can be granted. "Covington, et al" appealed; only Covington, who is not an attorney, signed the notice of appeal.

We affirm the dismissal of Covington's claim on the merits, agreeing that the facts alleged do not rise to constitutional dimension. We dismiss the appeals of Spruill and Haskin, however, because they did not sign the notice of appeal and therefore did not comply with the provisions of Federal Rule of Appellate Procedure 3(c).

Under Rule 3(c), "[t]he notice of appeal shall specify the party or parties taking the appeal." The Sixth Circuit in *Van Hoose v. Eidson*, 450 F.2d 746 (6th Cir. 1971), has interpreted this to limit appellate jurisdiction to those parties who are actually named in the notice of appeal. In *Van Hoose*, the district court denied relief to a group of high school students seeking declaratory, injunctive and other relief in an action attacking the school hair code. The

notice of appeal read "Floyd Van Hoose, et al, Plaintiffs–Appellants v. William P. Eidson, et al, Defendants–Appellees." A timely motion to dismiss the appeal was filed, alleging that Van Hoose's case was moot as he had now graduated and that no appeal had been properly taken for any other party. The court of appeals agreed and dismissed the appeal:

> We are satisfied that the only appellant in this case is Floyd Van Hoose. Rule 3(c), Rules of Appellate Procedure, requires in part: "The notice of appeal shall specify the party or parties taking the appeal." The only party specified in the notice of appeal filed in this case is Floyd Van Hoose. The term "et al" does not inform any other party or any court as to which of the plaintiffs desire to appeal in this case. This is more than a clerical error. [citations].

450 F.2d at 747.[1]

Our decision to extend the Sixth Circuit's holding in a case of this sort and to require actual signing by pro se parties desiring to join in an appeal is supported by a prior holding in this circuit that a pro se prison litigant cannot represent the interests of his fellow inmates in a class action suit.[2] In *Oxendine v. Williams*, 509 F.2d 1405 (4th Cir. 1975) (per curiam), the district court had granted summary judgment against Oxendine and the class consisting of "all inmates incarcerated at the Caswell County Unit" on the prisoners' pro se § 1983 suit. This court refused to approve certification of the class action, however, and vacated the judgment against the class, reasoning that in such an action a judgment against Oxendine would prevent other inmates from later raising the same claims; the court said

> [i]t follows that unless he can "fairly and adequately protect the interest of the class," he may not represent it. [citations]. Ability to protect the interests of the class depends in part on the quality of counsel [citation] and we consider the competence of a layman representing himself to be clearly too limited to allow him to risk the rights of others .... it is plain error to permit this imprisoned litigant who is unassisted by counsel to represent his fellow inmates in a class action. [citations].

509 F.2d at 1407.

Under *Oxendine*, Covington as a non–lawyer is not qualified to represent his fellow inmates. Hence, a notice of appeal signed by Covington alone cannot act to bring other unsuccessful litigants within the jurisdiction of an appellate court even though he may have captioned his case "Covington, et al" and attempted to note an appeal on behalf of his fellow plaintiffs.[3] The only means of determining which litigants are interested in pursuing an appeal is by requiring each pro se party to personally sign the notice of appeal. Imposition of this requirement does not unduly burden the prospective appellant and acts to protect the rights and interests of all parties to the litigation. It is the only practical way to *specify* the party or parties taking the appeal, as required by Rule 3(c).

The dismissal of Covington's claim is affirmed and the appeals of Spruill and Haskin are dismissed.

1. Professors Wright, Miller, Cooper and Gressman, relying on *Van Hoose*, advise that "where there are multiple aggrieved parties, only those who join in the notice of appeal will be deemed to have taken an appeal." 16 C. Wright, A. Miller, E. Cooper and E. Gressman, *Federal Practice and Procedure* § 3949 at 356 (1977).

2. We recognize that three circuits have also read Federal Rule of Civil Procedure 11 to require that each pro se appellant personally sign the notice of appeal. *See Theriault v. Silber*, 579 F.2d 302, n.1 (5th Cir. 1978), *cert. denied*, 440 U.S. 917, 99 S.Ct. 1236, 59 L.Ed.2d 468 (1979); *Scarrella v. Midwest Federal Savings and Loan*, 536 F.2d 1207 (8th Cir.), *cert. denied*, 429 U.S. 885, 97 S.Ct. 237, 50 L.Ed.2d 166 (1976); *McKinney v. DeBord*, 507 F.2d 501 (9th Cir. 1974). As jurisdiction vests in the court of appeals when a notice of appeal is tendered to the district court, however, such a notice is not a pleading in the district court and is not governed by Rule 11.

3. This decision does not conflict with the settled law that an attorney is competent to sign a notice of appeal on behalf of his clients. *See* Federal Rules of Appellate Procedure, Form 1.

AFFIRMED IN PART, DISMISSED IN PART.