809 F.2d 786
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Randolph SCOTT, Plaintiff-Appellant,
and
Johnny J. Dotson; Delbert Scott; Marvin Scott; Paul
Scott; Rosie Scott; Connie Scott, Plaintiffs,
v.
The MOUNTAIN MISSION SCHOOL, INC.; Charles M. Sublett;
James M. Swiney; James M. Swiney, Mrs.; Teacher
Stanley; Thomas McDonald, Dr.,
Defendants-Appellees.
 No. 86-3089.
 United States Court of Appeals, Fourth Circuit.
 Submitted Dec. 12, 1986.
Decided Jan. 9, 1987.
 
 Randolph Scott, Appellant pro se.
 Eugene Kay Street, for Appellees Mountain Mission School, Charles M. Sublett, James M. Swiney and Mrs. James M. Swiney, James P. Jones for Appellees Teacher Stanley and Thomas McDonald.
 Before RUSSELL and CHAPMAN, Circuit Judges, and BUTZNER, Senior Circuit Judge.
 PER CURIAM:
 
 
 1
 Randolph Scott, together with other former students of the Mountain Mission School, filed suit against the school and certain persons associated with the school, alleging civil rights violations under 42 U.S.C. Sec. 1985(2) and (3). The plaintiffs alleged that as orphans at the school, they had suffered abuse and neglect at the hands of the defendants and that the defendants had conspired to conceal this mistreatment. The district court held that, in view of its ruling in Dotson v. Mountain Mission School, 590 F.Supp. 583 (W.D.Va.1984), aff'd sub nom. Bloch v. Mountain Mission School, No. 85-2009 (4th Cir., May 2, 1986) (unpublished), cert. denied, --- U.S. ---, 55 U.S.L.W. 3258 (Oct. 14, 1986), that orphans were not a protected class within the meaning of 42 U.S.C. Sec. 1985(3) and the second half of 42 U.S.C. Sec. 1985(2), and in view of the absence of any allegations which could stand without a showing of protected status, the defendants were entitled to judgment in their favor.
 
 
 2
 Within thirty days of entry of judgment, Randolph Scott signed and filed a notice of appeal purporting to note an appeal on behalf of "Johnny J. Dotson, Randolph Scott et al." The appellees have filed a motion to dismiss the appeal as to any appellant other than Randolph Scott on the ground that no other appellant signed the notice of appeal. In response to this motion, Marvin Scott, Rose (Scott) Wilson, Connie (Scott) Smith, Paul Scott and Delbert Scott signed and filed "Amended Notices of Appeal," stating that they intended to appeal the final judgment of the district court and that they fully concur in the appeal brief filed by Randolph Scott. The appellees have objected that these amended notices of appeal, filed four and one-half months after the entry of judgment, fail timely to invoke this Court's jurisdiction as to those appellants who did not sign the initial notice of appeal. We agree and grant the appellees' motion to dismiss the appeal as to any appellant other than Randolph Scott.
 
 
 3
 In Covington v. Allsbrook, 636 F.2d 63 (4th Cir.1980), cert. denied, 451 U.S. 914 (1981), we held:
 
 
 4
 The only means of determining which litigants are interested in pursuing an appeal is by requiring each pro se party to personally sign the notice of appeal. Imposition of this requirement does not unduly burden the prospective appellant and acts to protect the rights and interests of all parties to the litigation. It is the only practical way to specify the party or parties taking the appeal, as required by Rule 3(c).
 
 
 5
 636 F.2d at 64 (emphasis in original). Several other circuits also require that pro se appellants personally sign their notices of appeal to invoke the jurisdiction of the court. See Carter v. Commissioner, 784 F.2d 1006, 1008 (9th Cir.1986); Thomas v. Estelle, 603 F.2d 488, 489 (5th Cir.1979); Scarrella v. Midwest Federal Savings and Loan, 536 F.2d 1207, 1209 (8th Cir.), cert. denied, 429 U.S. 885 (1976). As Rule 3(c) of the Federal Rules of Appellate Procedure requires that the notice of appeal specify the party or parties taking the appeal and as our decision in Covington requires that for pro se appellants this be accomplished by the pro se's signature on the notice of appeal, we conclude that only appellant Randolph Scott noticed an appeal within the "mandatory and jurisdictional" appeal period established by Rule 4(a) of the Federal Rules of Appellate Procedure. United States v. Robinson, 361 U.S. 220, 224 (1960). The amended notices of appeal signed and filed outside the appeal period by the other appellants are ineffective to invoke the Court's jurisdiction.
 
 
 6
 Appellant Randolph Scott makes three arguments on appeal. First, he contends that his allegation that the defendants' conspiracy was motivated by animus against orphans satisfied the requirement of 42 U.S.C. Sec. 1985(3) and the second half of 42 U.S.C. Sec. 1985(2) that the conspirators act out of a racial or other class-based animus. The district court held in Dotson v. Mountain Mission School, 590 F.Supp. 583 (W.D.Va.1984), aff'd sub nom. Bloch v. Mountain Mission School, No. 85-2009 (4th Cir., May 2, 1986) (unpublished), cert. denied, --- U.S. ---, 55 U.S.L.W. 3258 (Oct. 14, 1986), that orphans were not members of a class protected under 42 U.S.C. Sec. 1985(3) or the second half of Sec. 1985(2). We affirmed the district court's holding in Dotson. We adhere to the position taken in Dotson and affirm the district court's dismissal in this case of the claims under 42 U.S.C. Sec. 1985(3) and the second half of Sec. 1985(2).
 
 
 7
 Scott's next argument is that he was entitled to recover under the first half of 42 U.S.C. Sec. 1985(2), which provides a right of action against persons who "conspire to deter, by force, intimidation, or threats, any party or witness in any court of the United States from attending such court, or from testifying to any matter pending therein." In this regard, Scott made the following allegation in the district court:
 
 
 8
 Defendant Mrs. James M. Swiney attempted to intimidate plaintiff Randolph Scott from testifying freely, fully and truthfully, after he filed suit by falsely alleging to his beloved foster mother, Mrs. Morrison Plumley, that plaintiff Scott had been paid a $30,000 bribe to testify falsely about the defendants. This was an attempt to create animosity and contempt of plaintiff Scott by Mrs. Plumley and thus intimidate him from pursuing his expose.
 
 
 9
 This allegation does not evince the use of force, intimidation or threats necessary to state a claim under 42 U.S.C. Sec. 1985(2). The conduct complained of by Scott, although it may have created animosity between Scott and his foster mother, was not within the proscription of Sec. 1985(2).
 
 
 10
 Finally, Scott maintains that Va.Code Sec. 63.1-218, exempting Mountain Mission School from certain provisions governing other child caring institutions, violates the equal protection clause of the fourteenth amendment. The same claim was before this Court in Dotson v. Mountain Mission School, No. 79-1771 (4th Cir., Oct. 18, 1982) (unpublished). In that case we first noted that the plaintiffs, by failing to name the state or its responsible agency or official, had failed to join a proper defendant for this claim; we went on to find that the claim was, in any event, without merit.
 
 
 11
 In the case presently before us, the plaintiffs had voluntarily dismissed their claims as to all state defendants, with prejudice, prior to entry of final judgment. Having voluntarily dismissed those claims and chosen to proceed only on his claims against the private defendants, appellant cannot, on appeal, challenge the constitutionality of the Virginia statute.
 
 
 12
 Finding no merit in the contentions raised on appeal by appellant Randolph Scott and no error in the judgment of the district court, we affirm the entry of judgment in favor of defendants. We dispense with oral argument because the dispositive issues recently have been decided authoritatively.
 
 
 13
 AFFIRMED.