**ASSOCIATES FINANCIAL SERVICES COMPANY, INC., a Delaware corporation, Plaintiff,**

v.

**MERCANTILE MORTGAGE COMPANY, an Illinois corporation, Mid–America Mortgage Corporation, an Illinois corporation, Ronald B. Noble, Richard M. Forcone, Charles Logsdon, Will A. Ro-**

loson, **Steve Ruthig, Bradley Smith, James A. Benigni, Nickie Kerley, Bran Silveous, and Eric Owens, Defendants.**

No. 88 C 10318.

United States District Court,
N.D. Illinois, E.D.

June 30, 1989.

Quinton F. Seamons and Carrie A. Durkin, Burke, Wilson & McIlvaine, Chicago, Ill., for plaintiff.

Nathan Diamond–Falk, Michael A. Abramson, Gail A. Galante, Anita Senese–Johnson and Jack M. Shanahan, Johnson & Drozdzik, Chicago, Ill., for defendants.

## MEMORANDUM AND ORDER

MORAN, District Judge.

Since this case was filed in early December 1988, it has generated a mound of legal effort and a mountain of paper. Ten matters are pending before this court, eight of them fully briefed. In the meantime, the magistrate has conducted a lengthy preliminary injunction hearing and will, in all probability, be making a report and recommendation shortly. The result of all that is that the parties and the magistrate have, through discovery and hearing, been exposed to a searching examination of the actual facts and this court's knowledge of the case comes only from those mountains of paper.

In one respect that eases the court's task. In addressing the latest motion to dismiss the last complaint, defendants' supplemental motion to dismiss plaintiff's first amended complaint, the lack of prior involvement permits this court to focus upon the allegations rather than the evidentiary contentions. Stripped to their essentials, those allegations claim that the individual defendants previously worked for plaintiff, that certain of them formed a potential competitor while they were employed by plaintiff and then recruited others, that the defendants knew that plaintiff had a system whereby it could flag customers who were considering refinancing and thereafter seek to persuade those customers to refinance with plaintiff, that the system included the release of payout information only upon written or properly verified oral request of the customer, and that the defendants, through internal contacts within plaintiff's organization, have deliberately bypassed that system so as to obtain plain-

tiff's payout information without plaintiff being alerted to the fact that the customer was considering refinancing or that defendants were obtaining that information.

■ Plaintiff complains of other things as well, and the claims are variously described in fifteen counts, including three RICO counts. Some of those counts may not properly pertain to all defendants and some may be improper in any event, but we think it is premature to sort them out now since plaintiff's core claim, if true, entitles it to relief, and it is solely to plaintiff's allegations that we look in deciding a Rule 12(b)(6) motion. Plaintiff has alleged that it has confidential information which it discloses only in certain circumstances and that defendants have used various unfair and improper means to avoid those restrictions and to obtain that information for their competitive advantage and to plaintiff's competitive disadvantage. That states an unfair competition claim, if nothing else. It is not enough, at this juncture, to say that the names of mortgagors can be obtained from public records or that plaintiff will provide the information upon customer request, so that defendants can use whatever means they wish to get payout information. The motion to dismiss is denied, but without prejudice to its renewal when the time comes to determine the scope of the claims and the specific legal theories which will have to be decided by a trier of fact.

This case started out badly. Defendants' counsel initially, on December 9, 1988, agreed to expedited discovery and a preliminary injunction hearing on January 10, 1989, with substantial document production by December 16. Plaintiff was unable to proceed, however, in any kind of rational fashion because defendants' counsel ceased communicating, even to the point of refusing to accept delivery of mail and documents. It was far more egregious than a "failure to communicate." Plaintiff went back to the magistrate on December 15, 1988, to seek help, and the magistrate recommended on December 16, 1988, that a preliminary injunction issue as a sanction. This court, recognizing that defendants had

a right to object, issued on December 22, 1988, a temporary restraining order instead, so as to give defendants that opportunity. Defendants did object—but they waited until March 24, 1989, to even seek more time to object to all orders and plaintiff did not then waive its right to point out that the time to object to the December 16 and 22 orders had long expired. It points that out now, and we agree. The objections to those orders are overruled.

We note, moreover, that the report conclusions were based on what the record then disclosed and were not final findings or conclusions, and the December 22, 1988 order expired by its own terms on January 1, 1989. We will discuss hereafter the order that is in place.

Next, chronologically, is the magistrate's order dated January 6, 1989, granting a motion to compel and imposing sanctions. Defendants' objections were again untimely. Moreover, the magistrate had ample reason for concluding that defendants' failure to comply was not substantially justified—indeed, the objections describe delays in production extending weeks past the order of which defendants complain. We defer until later any discussion of the extended temporary restraining order and we otherwise conclude that the magistrate's rulings were far from clearly erroneous. The objections are overruled.

■ Defendants object to the magistrate's order of January 25, 1989, in which he quashed certain subpoenas addressed by defendants to various telephone companies for the production of documents and imposed sanctions. Defendants concede that the subpoenas were issued for discovery purposes without notice to plaintiff and were therefore improper. They argue that the subpoenas were not, however, overreaching. Again, the objections come too late. In any event, the magistrate was not clearly erroneous in concluding at that stage of the proceedings that the defendants had not established sufficient reason for seeking the information, particularly in view of the restrictions upon access to plaintiff's customer lists. The objections are overruled.

Five days later the magistrate entered another order, in which he deprived defendants of the fruits of their improper subpoenas by sequestering the telephone records which had been produced. Those objections to that order are overruled for the previously stated reasons. That order provided an obvious remedy when it became known that telephone records had been produced before the January 25, 1989 order.

By March 16, 1989, the defendants were represented by different counsel and the litigation climate and adherence to customary discovery norms and the rule significantly improved. On that date the magistrate awarded plaintiff $7,933.32 in attorneys' fees and costs as the sanction imposed in the January 6, 1989 order. Defendants promptly moved to enlarge the time within which to file objections and those objections were, apparently, filed during the extended period. Unfortunately for defendants, however, the objections founder upon what was not done during the prior representation. The January 6 order directed plaintiff to file its petition by January 17 and defendants to file any challenge by January 26. Plaintiff filed its petition, which appears reasonable on its face; defendant did not file any challenges; and in due course on March 16, 1989, the magistrate entered his order. Only after that order was entered did defendants object. But that objection was not a motion for reconsideration addressed to the magistrate but an objection to this court on grounds never considered by the magistrate. We look to the record upon which the magistrate's order was based, and his order is not clearly erroneous. The objections are overruled. Here, as in the previous objections, defendants are belatedly seeking to establish that things were not as bad as they earlier seemed, but again the effort can be characterized as too little and too late. The magistrate had the responsibility to decide, on the basis of the record then before him, those issues which impacted the expedited discovery necessitated by the claims for preliminary relief. His rulings relate to the progress of the litigation, a moving and changing process, and not to the ultimate substantive decisions. This court, necessarily and by statutory mandate, has a limited review role. Defendants would be well advised to recognize that their litigation process wounds were self-induced, to accept the consequences, and to move on.

The defendants have on file a jury demand. That issue has been deferred, and we leave it for another day.

Finally, we turn to the scope of any judicially-imposed restrictions upon the defendants, and we confess both to being somewhat confused and, as is evident from the transcripts of proceedings before the magistrate, to have contributed to the confusion. The parties describe, from their differing perspectives, what happened, and they make a number of flat statements of what the law is, but without meaningful discussion. We will do our best to sort it out.

On December 27, 1988, this court entered a ten-day temporary restraining order rather than the preliminary injunction recommended by the magistrate. The recommendation was based not upon traditional standards governing the granting of preliminary injunctions but upon the magistrate's conclusion that it was an appropriate sanction for obstruction of the court-ordered expedited discovery. On January 3, 1989, that order was extended until January 13, 1989. On January 6, 1989, however, the magistrate had himself continued the restraining order until the preliminary injunction hearing. After further discovery, the parties commenced a several day preliminary injunction hearing on February 27, 1989. Shortly before that hearing ended, the defendants, on March 6, 1989, represented on the record, and it was memorialized by an order, that they would continue to conform to the restrictions "of the previous TRO."

Defendants had come up with a substantial volume of documents after plaintiff had completed its case and long after those documents had been ordered produced. After the hearing ended it was learned that telephone records which were supposed to be sequestered had never been turned over

to the court. While the magistrate accepted defendants' explanation that the failure was inadvertent, he noted their "cavalier response" to his various orders and detailed their transgressions in a Report and Recommendation dated March 17, 1989, in which he ordered that the "temporary restraining order previously issued shall remain in full force and effect until resolution of the preliminary injunction motion." The magistrate had previously commented upon the need to maintain the status quo through the hearing and until resolution by an extension of the order. On March 17, 1989, he also extended the scope of the order to preclude defendants from soliciting and processing loan applications for current customers of the plaintiff because the evidence at the preliminary injunction hearing lent support to plaintiff's customer-stealing charges. Defendants object to both the extension and expansion.

 A review of those objections requires reference to 28 U.S.C. § 636 and Rules 37, 65 and 72 of the Federal Rules of Civil Procedure, and we do so in the absence of either extended discussion by the parties or intensive analysis by the court. 28 U.S.C. § 636 and Rule 72 both limit the authority of the magistrate and this court. A magistrate cannot determine a motion for injunctive relief but he may conduct a hearing on that motion and issue a report and recommendation, the parties then having ten days in which to file objections. If a party fails to file timely objections he waives his right to appeal and the court may adopt the report and recommendation without further consideration. *Video Views, Inc. v. Studio 21, Ltd.*, 797 F.2d 538 (7th Cir.1986). A sanction imposed by a magistrate generally is a non-dispositive matter, with limited review of the order. The sanction may, however, be so drastic that it must be treated as a dispositive matter, 7–Pt. 2 *Moore's Federal Practice* ¶ 72.04[2–4], thus requiring a court order after *de novo* review. *De novo* review may, but generally need not, include the receipt of further evidence. Rule 37 does not specifically provide for injunctive relief as a sanction for failure to comply with an order. The specifically-enumerated orders

are, however, orders "among others" which can be entered, and the court can enter any orders "as are just." A temporary restraining order is generally considered to be a temporary order without notice. 7–Pt. 2 *Moore's Federal Practice* ¶ 65.04[6]. Pursuant to Rule 65 it may be entered for ten days and extended for ten days. It may be extended beyond that period by consent.

But what happens when even twenty days is a woefully inadequate time in which to prepare for, hear and decide a motion for preliminary injunction (and that is not uncommonly the case)? There is authority for the view that a temporary restraining order may be extended in those circumstances, although that order probably should be considered on appeal as in fact a preliminary injunction. 7–Pt. 2 *Moore's Federal Practice* ¶ 65.07. The information available to a court is generally incremental. Perhaps we should talk in terms of a temporary preliminary injunction, a coercive order of limited duration, justified by the record then available to the court and in place only until the motion for a preliminary injunction is decided after a full evidentiary hearing.

Here the first report and recommendation was for a preliminary injunction as a sanction. Perhaps this court should have granted it. There were ample reasons for the imposition of sanctions. The relief recommended was far less drastic than the most draconian sanctions authorized by Rule 37(b), which include the striking of pleadings and defaults. Indeed, the recommendation did not go much beyond telling the defendants they could not do what they insisted they had not done and were not going to do. Given the parallelism between the sanction recommended and preliminary relief granted on more usual grounds, the magistrate treated it as a dispositive matter requiring a court order, and he was probably correct in doing so.

But this court was concerned about the twilight zone between restraining orders and preliminary injunctions granted after a full and sufficient hearing, and we confined the order to ten days, with a ten-day exten-

sion thereafter. In the interim the magistrate entered his own restraining order, pending the hearing. Plaintiff did not seek an order from this court adopting that order (we assume that this court has the authority to order that a recommendation shall be immediately effective, pending the time to object and the time for that objection to be resolved, but at a minimum the prevailing party would, we believe, have to seek and obtain such an order). It would appear, then, that no effective order was in place after January 13, 1989, unless the defendants' consent resulted in such an order for the period after March 6, 1989.

Where does that leave us? Plaintiff has not moved this court to adopt the reports and recommendations of March 17, 1989, and defendants have filed objections. Normally, unless a party seeks implementation of a magistrate's recommendation this court will be unaware of any need to act until and unless there are objections and they are fully briefed. That point has been reached here (and was reached several weeks ago, and then the court was somehow led to believe that the parties might shortly resolve their disputes without further judicial intervention). Before the court is a recommendation for a sanction of the same scope as the original temporary restraining order. We have reviewed the voluminous submissions and their disclosure of numerous failures to comply with discovery orders for which there are inadequate justifications. We overrule the objections and approve the sanction. Before the court is a report and recommendation that this court expand the coercive relief on the basis of the evidence introduced at the preliminary injunction hearing. We treat it as a recommendation for a temporary preliminary injunction, pending a full recommendation. Defendants object, but they have not provided us with a transcription of the record nor have they made specific objections as to why the magistrate is in error in his view of the evidence, as required by Rule 72. We are not given sufficient reasons why we should reject the recommended decision and, accordingly, we overrule the objection and adopt the report and recommendation. The magistrate's report and recommendation on the entire motion for preliminary injunction will, of course, be subject to review pursuant to Rule 72.