896 F.2d 545
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Fred CARTER, his representative, Plaintiff-Appellant,
v.
Steven BREESKIN, Deputy Commissioner, U.S. Department of
Labor; James B. Leonard, Associate Regional Solicitor of
U.S. Department of Labor; Westmoreland Coal Company, a
Philadelphia, PA Company; United States Department of
Labor, State of West Virginia; G. Marvin Bober, Judge from
Office of Administrative Law Judges, Benefits Review Board,
U.S. Department of Labor, Defendants-Appellees,
and
George Alexander; Helen Alexander, his wife; Joyce
Alexander, his daughter, Defendants.
 No. 88-2206.
 United States Court of Appeals, Fourth Circuit.
 Submitted: Oct. 25, 1989.
Decided: Jan. 26, 1990.
 
 Fred Carter, appellant pro se.
 Laura E. Beverage, Jackson & Kelly; Stephen Michael Horn, Assistant United States Attorney; Jan L. Fox, Office of the Attorney General, for appellees.
 Before DONALD RUSSELL, PHILLIPS and CHAPMAN, Circuit Judges.
 PER CURIAM:
 
 
 1
 Proceeding pro se, Fred Carter seeks to appeal the district court's order prohibiting his appearing as a lay representative for the parties-plaintiffs in a civil action he commenced purportedly on their behalf; Carter also seeks the appointment of counsel to represent him before this Court. The several appellees have moved to dismiss the appeal for want of jurisdiction; appellee Westmoreland Coal Company has also moved for the imposition of sanctions against Carter for commencing the civil action and for prosecuting this appeal. We dismiss the appeal for want of jurisdiction, deny Carter's application for appointment of counsel, and deny Westmoreland Coal Company's motion for sanctions.
 
 
 2
 Appellant Carter served as a lay representative for George T. Alexander during administrative proceedings arising from the latter's application for black lung disability benefits. Alexander's application was dismissed in December 1987 for failure to abide the administrative law judge's orders compelling medical examinations. In January 1988--without having appealed the administrative law judge's dismissal order--Alexander, his wife, and his daughter joined as parties-plaintiffs in a civil action against the defendants-appellees; the complaint sought to attack collaterally the administrative law judge's dismissal of George Alexander's black lung application. The Alexanders' complaint was signed and apparently filed by Carter as their personal representative.
 
 
 3
 The defendants timely moved for dismissal of the civil action. Following a June 1988 hearing the district court concluded that Carter was disqualified from representing the Alexanders in the civil action, prohibited further "representation" by him, and granted the Alexanders ten days within which to secure legal representation or proceed pro se. Counsel subsequently entered an appearance on behalf of the Alexanders. Carter--who was never joined as a party in the civil action--sent the district judge a letter stating that he, too, would be represented by counsel; no appearance was ever made on Carter's behalf, however. Further, Carter then took no appeal from the district court's June 1988 order prohibiting his representing the Alexanders.
 
 
 4
 In October 1988 the district court dismissed the Alexanders' civil action for want of subject matter jurisdiction over administrative determinations arising under the Black Lung Benefits Act. No notice of appeal from the district court order was filed by or on behalf of the Alexanders. However, Carter, styling himself as "Appellant Pro Se," filed a "Notice of Appeal and Request for Certificate of Probable Cause" on his own behalf in the district court action; that document initiated the instant appeal.[1]
 
 
 5
 Rule 3(c), Fed.R.App.P., requires that a notice of appeal specify the party or parties taking the appeal; one who is not a party to a record and judgment is not entitled to appeal therefrom. United States v. LTV Corporation, 746 F.2d 51, 53 (D.C.Cir.1984) (parties to record include the original parties and those who have become parties by intervention, substitution, or third-party practice). Further, appellate jurisdiction in pro se cases is limited to those parties who actually sign the notice of appeal; failure to abide this requirement raises a jurisdictional bar to the appeal. Covington v. Allsbrook, 636 F.2d 63 (4th Cir.1980).
 
 
 6
 Carter was not a party to the Alexanders' civil action; thus he has no standing to prosecute an appeal from the district court's orders and his "Notice of Appeal and Request for Certificate of Probable Cause" is insufficient to invoke this Court's appellate jurisdiction. The appeal shall be dismissed for want of jurisdiction.
 
 
 7
 Carter's motion for appointment of counsel pending in this appeal is not well-taken. This Court has discretion to appoint counsel in civil cases for appeals by indigents. Fourth Cir.I.O.P. 46.3. Carter is proceeding as a fee-paid litigant; he has not applied for leave to proceed in forma pauperis and has made no showing of indigency. More importantly, Carter's appeal is so jurisdictionally defective that it probably could not be salvaged by the involvement of counsel. Thus, his motion for appointment of counsel shall be denied.
 
 
 8
 Appellee Westmoreland Coal Company's application for sanctions against Carter shall be denied. That application should have been filed with the district court when Carter filed his "Notice of Appeal and Request for Certificate of Probable Cause."
 
 
 9
 Accordingly, this appeal is dismissed for want of jurisdiction. Appellant's application for appointment of counsel is denied. Appellee Westmoreland Coal Company's application for sanctions against appellant is denied. We dispense with oral argument since the facts and legal arguments are adequately presented in the briefs and the record and the decisional process would not be significantly aided by oral argument. See Fed.R.App.P. 34(a); Fourth Cir.Loc.R. 34(a).
 
 
 10
 APPEAL DISMISSED; MOTION FOR APPOINTMENT OF COUNSEL DENIED; MOTION FOR SANCTIONS DENIED.
 
 
 
 [1]
 Eight months later, in June 1989, as George Alexander's representative, Carter filed with the Benefits Review Board a notice of appeal--ostensibly from the December 1987 order dismissing Alexander's black lung case