930 F.2d 913
 1991-1 Trade Cases 69,402
 Unpublished Disposition
NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Alfred J. VINCENT, Karen Lee Whetzel, who sues upon her own
behalf and upon all other citizens and residents
of the State of WV similarly situated,
Plaintiffs-Appellants,
v.
REYNOLDS MEMORIAL HOSPITAL, INCORPORATED, Andrew J. Barger,
MD, Kenneth J. Allen, Norman E. Wood, D.O., Jeremy
C. McCamic, John T. Madden, Defendants-Appellees.
 No. 90-1046.
 United States Court of Appeals, Fourth Circuit.
 Submitted Feb. 13, 1991.
Decided April 19, 1991.
 
 Appeal from the United States District Court for the Northern District of West Virginia, at Wheeling. Richard L. Williams, District Judge. (CA-75-23-W, CA-81-62-W)
 Alfred J. Vincent, Karen Lee Whetzel, appellants pro se.
 Robert Patrick Fitzsimmons, Fitzsimmons & Parsons, L.C., Wheeling, W.V., for appellees.
 N.D.W.Va.
 AFFIRMED IN PART AND DISMISSED IN PART.
 Before K.K. HALL, WILKINSON and WILKINS, Circuit Judges.
 PER CURIAM:
 
 
 1
 Dr. Alfred J. Vincent and Karen Lee Whetzel appeal the entry of a directed verdict in favor of defendants in this action alleging breach of contract, tortious interference with contract, and conspiracy to restrain trade and to monopolize in violation of the Sherman Act, 15 U.S.C. Secs. 1 and 2. We dismiss plaintiff Whetzel's appeal because she failed to file a signed notice of appeal within the appeal period, see Covington v. Allsbrook, 636 F.2d 63 (4th Cir.1980), cert. denied, 451 U.S. 914 (1981), and affirm as to Dr. Vincent.
 
 
 2
 On review of a directed verdict, we apply the same standard as did the district court, asking whether, taking the evidence in the light most favorable to Vincent, a reasonable jury could find in his favor. See Gairola v. Virginia Dep't of Gen. Servs., 753 F.2d 1281, 1285 (4th Cir.1985). With respect to Vincent's breach of contract claim, a directed verdict was proper because the evidence shows no material breach of the hospital by-laws and further shows that Vincent's contract with the hospital terminated by reason of his resignation, not because of any action taken by the hospital. In light of Vincent's resignation and of the evidence showing that the defendant doctors' conduct was protected as honest advice given within the scope of a request for advice and as action taken to protect the welfare of a third party, a verdict was also properly directed in favor of defendants on Vincent's tortious interference with contract claim. See Torbett v. Wheeling Dollar Sav. & Trust Co., 314 S.E.2d 166, 171-73 (W.Va.1983). Vincent's claim of conspiracy to restrain trade in violation of 15 U.S.C. Sec. 1 fails under a rule of reason analysis because the evidence shows a procompetitive effect of defendants' conduct and fails to demonstrate an adverse effect on competition. See Weiss v. York Hosp., 745 F.2d 786, 821 n. 60 (3d Cir.1984), cert. denied, 470 U.S. 1060 (1985). The evidence also fails to show a conscious commitment to a common scheme designed to achieve an unlawful objective, a necessary element of both the Sec. 1 claim and the Sec. 2 claim of conspiracy to monopolize. See White v. Rockingham Radiologists, Ltd., 820 F.2d 98, 103 (4th Cir.1987).
 
 
 3
 Finding the evidence insufficient to raise a jury question as to any claim, we affirm the directed verdict in favor of defendants. We deny appellants' motions to: make Stanley Preiser a defendant, certify the case to the Supreme Court, include CA-84-69-W in the appeal, include additional documents in the record, impose sanctions, construe the scope and extent of review, grant injunctive relief pending appeal, and consolidate. We grant appellants' motion for leave to file their brief out of time. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 
 4
 AFFIRMED IN PART AND DISMISSED IN PART.