966 F.2d 1445
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of AMERICA, Plaintiff-Appellee,
v.
Harold GREEN; G.F.P.R. Enterprises, Incorporated, t/a
Economart Supermarket, Individually; Betty B.
Green, a/k/a Betty Delores Green,
Defendants-Appellants,
and
SOUTH CAROLINA TAX COMMISSION; South Carolina Employment
Security Commission, Defendants.
 No. 91-2116.
 United States Court of Appeals,
Fourth Circuit.
 Submitted: May 4, 1992
Decided: June 11, 1992
 
 Harold Green, Betty Green, Appellants Pro Se.
 Wistar Daniel Stuckey, Assistant United States Attorney, Columbia, South Carolina, for Appellee.
 Before HALL, WILKINS, and LUTTIG, Circuit Judges.
 PER CURIAM:
 
 OPINION
 
 1
 Harold Green and Betty Green appeal on behalf of themselves and G.F.P.R. Enterprises, Inc., from a judgment of the district court awarding foreclosure of mortgages and security agreements to the United States. Because a notice of appeal filed by a pro se litigant is not valid for a corporation, we are without jurisdiction to entertain the appeal of G.F.P.R. Because judgment of foreclosure against Harold and Betty Green for default on a Small Business Administration loan was proper, we affirm the decision of the district court insofar as it concerns them.
 
 
 2
 G.F.P.R., t/a Economart Supermarket, and Betty Green defaulted on loans made to them by the Small Business Administration for the purpose of operating a supermarket. The case was referred to a magistrate judge. The magistrate judge found that the loans were unconditionally guaranteed by Harold and Betty Green, the sole proprietors of the business, and secured through the conveyance of security interests in real estate and chattel property from the business and the Greens to the United States. He also found that the terms of the security agreements and financing statements provide in the event of default for acceleration of the indebtedness and foreclosure. The mortgages and security interests of the United States are senior in priority to the mortgages, judgments, and liens of all other parties.
 
 
 3
 The Greens' defense against the foreclosure action consisted of complaints about various unethical business practices, broken promises, and chicanery by individuals and organizations not party to the litigation, alleged systemic racism in governmental and socioeconomic structures in the city of Charleston, and"disruptive actions" by the magistrate judge who heard the case.
 
 
 4
 After reviewing the magistrate judge's report and recommendation and the Greens' objections to the report, and conducting a de novo review of the record, 28 U.S.C.A. § 636 (West Supp. 1991), the district court concluded that the defenses asserted were not meritorious. The court awarded a judgment of foreclosure to the United States, and a judgment jointly against Defendants in the amount owing and accruing to the United States.
 
 
 5
 Harold Green then filed a timely notice of appeal, purporting to represent Betty Green and G.F.P.R. Enterprises, and himself. Betty Green filed a timely Motion for Leave to File Notice of Appeal Out of Time accompanying an amended Notice of Appeal asserting that she was unaware of the requirement that she personally sign a Notice of Appeal. See Fed. R. App. P. 4(a)(5). In an earlier order, this Court denied the Greens' "Motion to Relax Rule" asking to be allowed to personally represent their business in this action, even though they are non-attorneys proceeding pro se.
 
 
 6
 Harold Green's own appeal was timely filed. See Fed. R. App. P. 4(a). His attempt to file a notice of appeal on behalf of Betty Green and G.F.P.R. was not effective because it was not signed by Betty Green or an attorney for G.P.F.R.* See Covington v. Allsbrook, 636 F.2d 63, 64 (4th Cir. 1980), cert. denied, 451 U.S. 914 (1981). Nevertheless, Betty Green's failure to sign the original Notice of Appeal was an instance of excusable neglect. In the interest of judicial economy we therefore grant Betty Green's Motion for Leave to File an Appeal Out of Time. See Fed. R. App. P. 4(a)(5). Because the appeal period established by Fed. R. Civ. P. 4(a) has now passed with respect to G.F.P.R., this Court is without jurisdiction to hear this party's appeal. See Browder v. Director, Department of Corrections, 434 U.S. 257, 264 (1978). G.F.P.R.'s appeal is therefore dismissed.
 
 
 7
 The district court had jurisdiction over the subject matter of the suit against the Greens, 28 U.S.C. § 1345 (1988), and its decision is consistent with the applicable law of contract and secured transactions. See S.C. Code Ann. §§ 36-9-201 to -203, 36-9-501 to -503 (Law. Coop. Supp. 1991). The Greens' allegations that officials of the Small Business Administration fraudulently induced them to execute the notes, mortgages, and security agreements are not adequately particularized to serve as the basis of a valid defense. The other objections asserted by the Greens do not state meritorious defenses to this foreclosure action. In addition, under the facts of this case, the district court's failure to act in response to the Greens' complaints about the magistrate judge was not an abuse of discretion. See Arizona Past & Future Foundation v. Lewis, 722 F.2d 1423, 1430 (9th Cir. 1983). We therefore affirm the decision of the district court with respect to the Greens. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 AFFIRMED IN PART AND DISMISSED IN PART
 
 
 *
 It is well established that a corporation is an artificial entity that cannot appear pro se, and must be represented by counsel. See Palazzo v. Gulf Oil Corp., 764 F.2d 1381, 1385 (11th Cir. 1985), cert. denied, 474 U.S. 1058 (1986)