972 F.2d 351
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Edward JACKS, Jr., and Eric M. Nading, Plaintiffs-Appellants,
v.
Cloid SHULER, Deputy Commissioner, Indiana Department of
Correction, et al., Defendants-Appellees.
 No. 90-3196.
 United States Court of Appeals, Seventh Circuit.
 Submitted July 24, 1992.*
Decided Aug. 12, 1992.
 
 Before CUMMINGS, POSNER and MANION, Circuit Judges.
 
 ORDER
 
 1
 Edward Jacks, Jr., an inmate at the Indiana State Reformatory in Pendleton, Indiana, appeals from an order of the district court adopting a magistrate judge's recommendation to deny his request for a preliminary injunction directing his transfer to the Indiana State Prison in Michigan City, Indiana, where his co-plaintiff, Eric M. Nading, is confined.** We affirm.
 
 
 2
 Jacks first contends that the district court erred when it referred the preliminary injunction motion to a magistrate judge, pursuant to 28 U.S.C. § 636(b)(1)(B), after he objected to the magistrate judge's exercise of jurisdiction in the case. Section 636(b)(1)(B) allows the district court to refer pretrial motions for a preliminary injunction to a magistrate judge without the parties' consent. See Jeffrey S. by Ernest S. v. State Bd. of Educ., 896 F.2d 507, 512 (11th Cir.1990); Associates Fin. Serv. Co. v. Mercantile Mortgage Co., 727 F.Supp. 371, 375 (N.D.Ill.1989). Jacks confuses this section with § 636(c) which requires the consent of the parties for a magistrate judge to conduct a civil trial. See 28 U.S.C. § 636(c).
 
 
 3
 Jacks next contends that the district court failed to make a de novo review of the magistrate judge's report as required by 28 U.S.C. § 636(b)(1). The district court previously examined Jacks's claims before referring the case to the magistrate judge. The district court stated that it took notice of the entire record, and that Jacks' objections to the magistrate judge's report added nothing new to his case. In the absence of evidence to the contrary, we presume that the review was done properly, and affirm the district court's adoption of the magistrate judge's report. See United States v. Hamell, 931 F.2d 466, 468 (8th Cir.), cert. denied, 112 S.Ct. 347 (1991).
 
 
 4
 Jacks finally contends that the district court erred on the merits in denying injunctive relief, but this contention is waived because he failed to adequately place it before us on appeal. See Eli Lilly & Co. v. Comm'r, 856 F.2d 855, 873 n. 25 (7th Cir.1988). Merely incorporating by reference arguments found in a district court pleading is insufficient to preserve them for appellate review. See Hunter v. Allis-Chalmers Corp., 797 F.2d 1417, 1430 (7th Cir.1986).
 
 
 5
 AFFIRMED.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a); Circuit Rule 34(f). Jacks has filed such a statement and requested oral argument. Upon consideration of that statement, the briefs, and the record, the request for oral argument is denied and the appeal is submitted on the briefs and record
 
 
 **
 Only Edward Jacks is a party to this appeal because Eric Nading did not sign the notice of appeal. See Covington v. Allsbrook, 636 F.2d 63, 64 (4th Cir.1980), cert. denied, 451 U.S. 914 (1981); see generally 9 J. Moore, B. Ward & J. Lucas, Moore's Federal Practice p 203.17 at 3-78 (2d ed. 1991)