976 F.2d 725
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Jack AMARIGLIO, d/b/a A.P.E. International, Limited,
Plaintiff-Appellant,
and Prince Ella Amariglio, Plaintiff,
v.
CENTURA BANK, a North Carolina Banking Association; Robert
Hatley, Individually and in his capacity as Senior
Vice President of Centura Bank,
Defendants-Appellees.
Jack AMARIGLIO, d/b/a A.P.E. International, Limited,
Plaintiff-Appellant,
and Prince Ella Amariglio, Plaintiff,
v.
B. F. ALEXANDER, Individually, and in her capacity as
Manager and Assistant Vice President of Mechanics & Farmers
Bank; Stanley Green, Individually and in his capacity as
Senior Vice President of Mechanics & Farmers Bank; J. W.
TAYLOR, Individually and in her capacity as C.E.O.,
President & Chairman of Mechanics & Farmers Bank; AL BASS,
Individually and in his capacity as Senior Vice President
and Loan Administrator of Mechanics & Farmers Bank;
MECHANICS & FARMERS BANK, a banking association of North
Carolina, Defendants-Appellees.
 No. 92-1552.
 United States Court of Appeals,
Fourth Circuit.
 Submitted: August 5, 1992
Decided: September 22, 1992
 
 Appeals from the United States District Court for the Eastern District of North Carolina, at Raleigh. Terrence W. Boyle, District Judge. (CA-91-468-5-CIV, CA-91-469-5-CIV-B)
 Jack Amariglio, Appellant Pro Se.
 David Dreifus, Poyner & Spruill, Raleigh, North Carolina; William Andrew Marsh, Jr., Durham, North Carolina for Appellees.
 E.D.N.C.
 Affirmed.
 Before WILKINS, NIEMEYER, and WILLIAMS, Circuit Judges.
 OPINION
 PER CURIAM:
 
 
 1
 In these consolidated appeals, Jack Amariglio contends that the district court erred in granting summary judgment to the Defendants in his actions brought pursuant to the Equal Credit Opportunity Act (ECOA), 15 U.S.C.A. §§ 1691-1691f (West 1982 & Supp. 1992).[1] In No. 92-1203, Amariglio claims that Defendant Centura Bank and one of its officers violated the ECOA by denying him credit based on his race. In No. 92-1552, Amariglio makes a similar claim against Mechanics & Farmers Bank and several of its officers. Amariglio also claims that the Defendants in each case violated the ECOA by failing to notify him within thirty days that credit had been denied. Our review of the records and of the district court's opinions discloses that both appeals are without merit. In No. 92-1203, we affirm on the reasoning of the district court. Amariglio v. Centura Bank, No. CA-91468-5-CIV (E.D.N.C. Jan. 31, 1992). In No. 92-1552, we affirm the district court's grant of summary judgment on the discrimination claim on the reasoning of the district court. Amariglio v. Alexander, No. CA-91-469-CIV (E.D.N.C. April 8, 1992).
 
 
 2
 Amariglio's claim of untimely notice in No. 92-1552 requires further discussion. The district court found it undisputed that Mechanics & Farmers Bank notified Amariglio by telephone within ten days after he submitted his loan application that he had been denied credit. However, Amariglio denies receiving notice by telephone, claiming instead that he was not notified until he received a letter from the Bank approximately thirty-five days after he applied for the loan.[2] Thus, whether Amariglio received notice is a disputed fact. Nevertheless, we affirm the district court's order because Amariglio has failed to prove either that some injury resulted from the alleged delay by the Defendants or that the Defendants were particularly blameworthy so as to incur liability for punitive damages. See Anderson v. United Fin. Co., 666 F.2d 1274, 1277-78 (9th Cir. 1982) ("Although there is liability, [the plaintiff] cannot recover any damages unless [the plaintiff] proves that [he] is entitled to them under the civil liability section of the ECOA."). Therefore, even accepting Amariglio's version of the facts, the Defendants are not liable. Because summary judgment was appropriate, we affirm the judgment of the district court.
 
 
 3
 We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 AFFIRMED
 
 
 [1]
 Although Mr. Amariglio filed these actions with his wife, Prince Ella Amariglio, she did not sign either notice of appeal, and, consequently, is not a party to the appeal. Covington v. Allsbrook, 636 F.2d 63, 63 (4th Cir. 1980), cert. denied, 451 U.S. 914 (1981)
 
 
 [2]
 Although Amariglio did not make this claim under oath as required by Fed. R. Civ. P. 56, we have nevertheless considered it because Amariglio did not receive the summary judgment notice required by Roseboro v. Garrison, 528 F.2d 309, 310 (4th Cir. 1975), in pro se cases