993 F.2d 1538
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
James MONTUORO; Vickie Montuoro; Woodrow D. Wollesen,
Plaintiffs-Appellants,
v.
Kevin C. SAMSON; Patrick W. Samson; Connie M. Durst;
Samson Financial Group, Incorporated; Samson
Associates, Incorporated, Defendants-Appellees.
James Montuoro; Vickie Montuoro; Woodrow D. Wollesen,
Plaintiffs-Appellees,
v.
Kevin C. Samson; Patrick W. Samson; Connie M. Durst;
Samson Financial Group, Incorporated; Samson
Associates, Incorporated, Defendants-Appellants.
 Nos. 93-1013, 93-1025.
 United States Court of Appeals,
Fourth Circuit.
 Submitted: May 3, 1993
Decided: May 21, 1993
 
 Appeals from the United States District Court for the Eastern District of Virginia, at Alexandria. T. S. Ellis, III, District Judge. (CA-92-1451-A)
 James Montuoro, Vickie Montuoro, Woodrow D. Wollesen, Appellants Pro Se.
 John Michael Bredehoft, CHARLSON & BREDEHOFT, P.C., Fairfax, Virginia, for Appellees.
 E.D.Va.
 AFFIRMED.
 Before RUSSELL and HALL, Circuit Judges, and SPROUSE, Senior Circuit Judge.
 PER CURIAM:
 
 OPINION
 
 1
 Woodrow D. Wollesen appeals from the district court's dismissal of his suit against Patrick Samson and others.[1] Wollesen and James and Vickie Montuoro sued Wollesen's former business partner for money damages, alleging violations of 18 U.S.C.s 1962 (1988) (civil RICO). The Defendants cross-appeal, alleging that the district court erred in denying their motion for sanctions pursuant to Fed. R. Civ. P. 11. We affirm the district court's order in all respects.
 
 
 2
 Wollesen alleged that the Defendants engaged in a conspiracy to violate § 1962 and committed affirmative acts to accomplish the conspiracy from 1986 until early 1988.[2] This suit was commenced on October 14, 1992. Civil RICO suits have a four-year statute of limitations that begins to run when the injured party knew or should have known of its injuries. Pocahontas Supreme Coal Co. v. Bethlehem Steel Corp., 828 F.2d 211, 220 (4th Cir. 1987). Further, where the injuries occurred outside the statute of limitations period, fraudulent concealment of the predicate acts and due diligence on the part of the plaintiff must be pled to toll the running of the statute. Id. The injuries alleged in this action fell outside the four years preceding Wollesen's filing of this action, and Wollesen failed to plead anything that might lead to tolling of the statute of limitation. Therefore, the district court properly dismissed the action as time-barred.
 
 
 3
 The Defendants cross-appeal, contending that the district court erred in denying their motion for sanctions pursuant to Fed. R. Civ. P. 11. We review the district court's denial only for abuse of discretion. Id. at 221. The district court stated that it had issued sanctions in civil RICO suits in the past but did not find them merited in the present case. The court had before it both parties' briefs on the Rule 11 issue and considered the issue before ruling. Thus, we find no abuse of discretion in the denial of sanctions.
 
 
 4
 The district court did not err in dismissing Wollesen's civil RICO action as time-barred. The court did not err in denying Samson's motion for Rule 11 sanctions. Therefore, we affirm the district court's order on all counts. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 AFFIRMED
 
 
 [1]
 Wollesen filed a timely notice of appeal. However, James and Vickie Montuoro failed to sign this notice and signed only an "amended" notice of appeal in this case. This second notice of appeal was untimely since it was filed beyond the thirty day time limit of Fed. R. App. P. 4. The Montuoros failed to move in the district court for an extension of time to file such a notice of appeal. Therefore, they are dismissed from the appeal. Covington v. Allsbrook, 636 F.2d 63, 63 (4th Cir. 1980), cert. denied, 451 U.S. 914 (1981)
 
 
 [2]
 Wollesen alleged that the acts took place in "early 1988" and "March 1988."