46 F.3d 1123
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Courtney Lodian FULLER, Plaintiff-Appellant,
and Angernette Barnes DANIELS, Plaintiff,
v.
A. P. WHITE; T. G. SHANE; T. E. EVANS; R. J. FISHER,
Chief of Police, Greenville, NC; Thomas D. HEIGWOOD; Ralph
TYSON; Jay FOX; Lacy THORNBURG; Kenneth K. DEWS; Thomas
H. JOHNSON; Eugene JAMES; Charles MCLAWHORN; Charles P.
GASKIN; Linwood MERCER; Wilton DUKE; D. D. GARRETT;
Farney M. MOORE; Aaron J. JOHNSON; Joseph L. HAMILTON;
Faye LASSITER; Medical Staff; Gary DIXON; Medical Staff
at Central Prison; Psychology Staff at Central Prison;
Psychiatrist Staff at Central Prison; Stephen WARD; City
of Greenville; Robert T. HARGETT; North Carolina
Department of Corrections; Richard THORNBURG; Robert E.
SKIVER; United States Attorney; Barry HILL; Scott
MACHLAY; County of Pitt, Defendants-Appellees.
 No. 94-6425.
 United States Court of Appeals, Fourth Circuit.
 Jan. 25, 1995.
 
 Courtney Lodian Fuller, Pro Se. Kenneth Ray Wooten, WARD & SMITH, P.A., New Bern, NC; Mickey Herrin, Greenville, SC.
 Before HAMILTON, WILLIAMS, and MOTZ, Circuit Judges.
 OPINION
 PER CURIAM:
 
 
 1
 Courtney Fuller* appeals from the district court's order entered
 
 
 2
 March 31, 1994, which dismissed claims against several Defendants and denied several other pending motions in Fuller's civil action. Our review of the voluminous record and the district court's order reveals that Fuller's claim of excessive force by Defendant T.E. Evans, a Greenville, North Carolina, police officer, in arresting Angernette Daniels was not properly addressed below. Because this shortcoming prevents effective appellate review of the disposal of the excessive force claim, we vacate the judgment as to Evans and remand for further proceedings. We affirm as to the remainder of the order.
 
 
 3
 Fuller's excessive force claim alleges that, as a result of the force used by Evans during Daniels' arrest, Daniels--several months and visibly pregnant with twins at the time--suffered a miscarriage and lost one of the twins. Fuller alleges that he is Daniels' boyfriend and the father of the twins. We cannot determine from the record on appeal whether this argument was properly considered below. Hence, we vacate the entry of summary judgment on Fuller's excessive force claim against Defendant Evans and remand for further proceedings, as the district court deems appropriate.
 
 
 4
 As to the other Defendants dismissed and motions denied by the March 31, 1994, order, our review of the record and the district court's order discloses no abuse of discretion and that this appeal is without merit. Accordingly, with the exception of the claim discussed above, we affirm on the reasoning of the district court. Fuller v. White, No. CA-91-639 (E.D.N.C. Mar. 31, 1994). We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 
 5
 AFFIRMED IN PART; VACATED AND REMANDED IN PART
 
 
 
 *
 Fuller's co-Plaintiff below, Angernette Daniels, neither signed the notice of appeal timely filed by Fuller nor filed a separate notice of appeal. Because the exercise of appellate jurisdiction over any claims she may have asserted is thereby prohibited, Fed. R.App. P. 3(c); Covington v. Allsbrook, 636 F.2d 63, 64 (4th Cir.1980), cert. denied, 451 U.S. 914 (1981), Daniels is not an Appellant in this appeal