**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

───────────

**No. 98-7691**

───────────

UNITED STATES OF AMERICA,

                              Plaintiff - Appellee,

        versus

ODELL THOMAS,

                              Defendant - Appellant.

───────────

Appeal from the United States District Court for the Eastern District of North Carolina, at Fayetteville.  W. Earl Britt, Senior District Judge.  (CR-93-58-BR, CA-98-453-BR-5)

───────────

Submitted:  April 29, 1999                Decided:  May 4, 1999

───────────

Before WILLIAMS, TRAXLER, and KING, Circuit Judges.

───────────

Dismissed by unpublished per curiam opinion.

───────────

Odell Thomas, Appellant Pro Se.  Captain Peter James Curtin, UNITED STATES ARMY, Fort Bragg, North Carolina, for Appellee.

───────────

Unpublished opinions are not binding precedent in this circuit.
See Local Rule 36(c).

PER CURIAM:

Odell Thomas filed an untimely notice of appeal. We dismiss for lack of jurisdiction. The time periods for filing notices of appeal are governed by Fed. R. App. P. 4. These periods are "mandatory and jurisdictional." Browder v. Director, Dep't of Corrections, 434 U.S. 257, 264 (1978) (quoting United States v. Robinson, 361 U.S. 220, 229 (1960)). Parties to actions in which the United States is a party have sixty days within which to file in the district court notices of appeal from judgments or final orders. Fed. R. App. P. 4(a)(1). The only exceptions to the appeal period are when the district court extends the time to appeal under Fed. R. App. P. 4(a)(5) or reopens the appeal period under Fed. R. App. P. 4(a)(6).

The district court entered its order on June 11, 1998; Thomas' notice of appeal was filed on October 28, 1998, which is beyond the sixty-day appeal period.[*] Thomas' failure to note a timely appeal or obtain an extension of the appeal period leaves this court without jurisdiction to consider the merits of his appeal. We therefore deny a certificate of appealability and dismiss the appeal.

---

[*] On September 3, 1998, the district court returned to Thomas a document that was submitted without an original signature. On October 28, 1998, Thomas filed his notice of appeal, which was dated July 20, 1998. Assuming that the document returned to Thomas on September 3, 1998, was Thomas' notice of appeal and assuming it was timely filed, an unsigned notice of appeal does not confer jurisdiction on this court. See Covington v. Allsbrook, 636 F.2d 63, 63-64 (4th Cir. 1980).

2

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

DISMISSED