**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 00-7133

FERRIS G. SINGLEY,

Plaintiff - Appellant,

versus

JAMES HODGES, Governor of South Carolina;
WILLIAM D. CATOE, Director of the South Caro-
lina Department of Corrections; BENJAMIN MONT-
GOMERY, Deputy Director of Operations for the
South Carolina Department of Corrections;
STATE OF SOUTH CAROLINA; CHARLES M. CONDON,
Attorney General of the State of South Caro-
lina, all in their individual and official
capacities,

Defendants - Appellees.

Appeal from the United States District Court for the District of
South Carolina, at Charleston. G. Ross Anderson, Jr., District
Judge. (CA-99-3120)

Submitted: December 21, 2000       Decided: January 8, 2001

Before LUTTIG, WILLIAMS, and MOTZ, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Ferris G. Singley, Appellant Pro Se. Steven Michael Pruitt, Robert
W. Cone, MCDONALD, PATRICK, TINSLEY, BAGGETT & POSTON, Greenwood,
South Carolina, for Appellees.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Ferris G. Singley appeals the district court's order denying relief on his 42 U.S.C.A. § 1983 (West Supp. 2000) complaint. We have reviewed the record and the district court's opinion accepting the magistrate judge's recommendation and find no reversible error. Accordingly, we affirm substantially on the reasoning of the district court.[*] Singley v. Hodges, No. CA-99-3120 (D.S.C. July 20, 2000). We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

---

[*] We note that the district court's opinion refers to multiple plaintiffs. Although there were other plaintiffs listed on the complaint, Singley was not entitled to represent others. See Oxendine v. Williams, 509 F.2d 1405, 1407 (4th Cir. 1975). Further, only Singley signed the notice of appeal, so he is the only Appellant. Covington v. Allsbrook, 636 F.2d 63, 64 (4th Cir. 1980). Accordingly, this action resolves only those claims raised by Singley personally.