No. 87-88

IN THE SUPREME COURT OF THE STATE OF MONTANA

1987

GOLD RESERVE CORPORATION, a
Montana corporation,

Petitioner and Appellant,

-vs-

VANCE D. McCARTY, G. W. McCARTY
and JEANNE McCARTY, joint tenants
with rights of survivorship; K. L.
BATES; SILVER SEAL, INC., a corp.;
SONJA McCANDLESS; and RICHARD PETERS,

Respondents and Respondents.

APPEAL FROM: District Court of the First Judicial District,
In and for the County of Lewis & Clark,
The Honorable Gordon Bennett, Judge presiding.

COUNSEL OF RECORD:

For Appellant:

Murray, Kaufman, Vidal & Gordon; Lee Kaufman,
Kalispell, Montana

For Respondent:

Garrity, Keegan & Brown; G. Steven Brown, Helena,
Montana
Hughes, Kellner, Sullivan & Alke; John Alke, Helena,
Montana

Submitted on Briefs: July 14, 1987

Decided: October 15, 1987

Filed: OCT 15 1987

*Ethel M. Harrison*

Clerk

Mr. Justice L. C. Gulbrandson delivered the Opinion of the Court.

Appellant appeals an order of the District Court of the First Judicial District in and for Lewis and Clark County dismissing a petition filed in that court for determination of the value of its corporate shares. We reverse.

On August 6, 1986, Gold Reserve Corporation (GRC), appellant, filed a petition for valuation of shares of the stock owned by dissenting shareholders who were adverse to a merger-exchange between GRC and Pegasus Gold, Inc. GRC is a Montana corporation with its corporate offices located in Spokane, Washington. GRC mailed notice of the transfer to shareholders. A number of the shareholders, respondents named in this action, dissented to the activity and made demands for payment. GRC paid respondents $1.3125 plus interest per share but the respondents demanded supplemental payment in the amount of $3.00 and $5.00 per share. Section 35-1-812(8), MCA, allows a corporation to petition a court for determination of fair value within sixty days after receiving demand for payment from a dissatisfied shareholder. GRC received the demands for payment on June 9, 1986 and June 10, 1986. Sometime during the month of July, 1986, John Layman, counsel for GRC, contacted attorney Lee Kaufman of Kalispell, Montana, to assist in the representation of GRC. Kaufman stated in affidavits that he assisted in some of the preliminary drafting of the petition but it was agreed that the final draft would be prepared by Layman at the Spokane offices. Layman completed the document, signed his name, and then typed in Kaufman's name and the name and address of Kaufman's firm. Allegedly due to both attorneys' concern for timely filing, the petition was sent to the clerk of court, First Judicial District, without Kaufman's signature.

2

Kaufman testified at a later hearing to alter or amend the order that he had reviewed the petition with Layman over the telephone and that he directed Layman on how to file the petition. The petition was timely filed on August 6, 1986. The statute of limitations on the sixty-day reply expired on August 8, 1986. On September 9, 1986, G. Steven Brown, who represented respondents Richard Peters and Sonja McCandles, contacted Kaufman to get an extension of time in which to file a response. Kaufman told Brown he would have to get permission from Layman. On September 23, 1986 and September 25, 1986, respondents filed motions to dismiss on the ground the petition lacked a signature of a Montana attorney. Kaufman was made aware of the motions on September 29, 1986. He travelled to Helena on October 1, 1986 and affixed his signature to the petition.

On December 24, 1986, the District Court granted the motion to dismiss after a hearing on the matter.

GRC made a motion to alter or amend the order pursuant to Rules 59(g) and 60(b), M.R.Civ.P., but following a hearing on February 10, 1987, this motion was denied. In an extensive memorandum, the trial court judge held that the filing of the original petition by the Spokane attorney with only his signature and the typed-in name and firm of the Montana counsel did not meet the requirements of Rule 11, M.R.Civ.P., and that a pleading must be signed by an attorney authorized to practice law. The trial judge determined that Kaufman and Layman intentionally did not have Kaufman sign the petition and therefore did not fall within the exception of Rule 11 allowing subsequent signings of documents filed without a signature when the lack of signature is brought to the attorney's attention.

The facts and history of this case present a clear question of whether a Montana attorney's subsequent signature on a filed petition, placed there after the statute of

3

limitations expires, is sufficient under Rule 11, M.R.Civ.P. Did the trial judge abuse his discretion in granting respondent's motion to dismiss and denying GRC's motion to alter or amend his judgment?

This Court has held that determinations concerning granting motions to dismiss are left to the discretion of the trial court and this Court will not interfere absent a showing of abuse of discretion. Lords v. Newman (Mont. 1984), 688 P.2d 290, 292-294, 41 St.Rep. 1793, 1795-1797.

The relevant portion of Rule 11, M.R.Civ.P. reads as follows:

> If a pleading, motion, or other paper is not signed, it shall be stricken unless it is signed promptly after the omission is called to the attention of the pleader or movant. (Emphasis added.)

Kaufman was made aware that respondents objected to the form of GRC's petition on Monday, September 29, 1986. By Wednesday, October 1, 1986, the petition was signed by Kaufman. Although the petition was not signed by Kaufman on August 6, 1986, it was filed within the time required.

The District Court held that Kaufman could not rely on the express language of Rule 11, M.R.Civ.P., because the omission by Kaufman and Layman was "knowing and calculated." Kaufman and Layman had discussed how the petition was to be filed so they did not miss the August 9, 1986 and August 10, 1986 deadlines. The trial court held that because Kaufman and Layman deliberately did not comply with Rule 11, M.R.Civ.P., they could not rely on the Rule's express exception allowing late signatures. The trial court judge held that for an omission of a signature to fall within the exception the lack of signature must be "inadvertent." We find this reading of Rule 11 too strict and not in compliance with the policy of law favored in Montana.

4

> We adhere to our rule that this Court does not favor defaults, but rather, favors an adjudication on the merits whenever possible.

Big Springs v. Blackfeet Tribe (1978), 175 Mont. 258, 573 P.2d 655, 658-659.

The gravamen issue raised in this case requires this Court to interpret Rule 11, M.R.Civ.P. The rule is identical, with recent amendments, to Rule 11 of the Federal Rules of Civil Procedure. Although we have not specifically made a determination as to the precise language of Rule 11 involved in this case, Rule 11, F.R.Civ.P., has been interpreted by numerous authorities. The Advisory Committee notes to the 1983 Amendment to Rule 11 state:

> The court, however, retains the necessary flexibility to deal appropriately with violations of the rule. It has discretion to tailor sanctions to the particular facts of the case . . .

We find United States District Judge William W. Schwarzer's article, "Sanctions Under the New Federal Rule 11 -A Closer Look" (1985), 104 F.R.D. 181, helpful on this issue:

> [R]ule 11 is not intended to increase the cost of litigation by requiring review of papers by an additional set of lawyers. What the rule does require is that the lawyer who elects to sign a paper take responsibility for it, even if that responsibility is shared. Where control of the litigation rests with other lawyers, therefore, local counsel may be well advised to let one of those lawyers sign papers to be filed.
>
> Even if the paper is signed by out-of-state counsel, however, the presence of the name of local counsel or his firm on the paper raises an inference that he has authorized or at least concurred in its filing. It would be difficult for a lawyer to disclaim all responsibility for a paper bearing his

5

> name. Rule 11 may therefore make it advisable for attorneys acting as local counsel to consider the extent to which they can perform the role of a passive conduit consistent with the responsibilities the rule imposes.

Schwarzer, supra, 104 F.R.D. at 186.

It is clear from the record testimony and affidavits filed by Layman and Kaufman that GRC's petition should stand. Both attorneys agreed the petition should be filed in a manner to avoid an untimely filing. Both attorneys agreed that by signing the petition they were bound to the sanctioning power of the court. And most importantly, it is clear by Kaufman's later signing, promptly after he was made aware of objection by defense counsel, that he was complying with the exception of Rule 11, M.R.Civ.P., allowing late signatures.

There is no requirement in Rule 11, M.R.Civ.P., that the failure to sign be "inadvertent" as the trial court stated. Defendants were placed on notice as to Montana counsel by the clear indication of Lee Kaufman's name and firm name printed on the petition. Further, Kaufman's later adoption of this signature was similar to the adoption which occurred in Pavlak v. Duffy (D.C. Conn. 1969), 48 F.R.D. 396, in which the court found sufficient compliance with Rule 11, F.R.Civ.P In Pavlak, a motion to dismiss was made by defendant because a submitted complaint was not signed by a member of the bar of the United States District Court. The complaint was signed by the plaintiff and a non-member attorney of the District Court Bar. At the hearing on the motion, the plaintiff was represented by an admitted member of the District Court Bar who was named as co-counsel. This admitted attorney "ratified and adopted" the signature of the non-admitted attorney and the court stated it would not, therefore, grant the motion to dismiss. Pavlak is similar

6

enough to this situtation, along with a plain reading of Rule 11, M.R.Civ.P., to permit us to find there was sufficient compliance with the Rule in this case.

This holding is not to be construed as giving attorneys the ability to escape responsibility by not signing pleadings. The better practice under the facts of this case would have been for some arrangement whereby both attorneys could have signed the GRC petition. But due to the subsequent signing by Kaufman and clear adoption of the petition as his own work, we hold there was sufficient compliance with Rule 11, M.R.Civ.P., to deny a motion to dismiss.

The order granting the motion to dismiss is reversed and this case is remanded to the District Court for the entry of an order denying the motion to dismiss.

_____
Justice

We concur:

_____
Chief Justice

_____

_____

_____

_____

_____
Justices

7