Dennis James WOLFORD & Regina
Wolford, Plaintiffs,

v.

The BUDD COMPANY, Cooper Tire
Co. and The Ford Motor Co.,
Defendants.

Civ. A. No. 92–0159–A.

United States District Court,
W.D. Virginia,
Abingdon Division.

May 26, 1993.

· Daniel R. Bieger, Abingdon, VA, John L. Hash, Winston–Salem, NC, for plaintiffs.

Daniel H. Caldwell, Wm. B. Stallard, Abingdon, VA, Frank S. Perkin, Jr. Troy, MI, T.P. Schult, Kansas City, MO, L.B. Kirksey, Bristol, VA, W.W. Eck, Atlanta, GA, R.D. Teeple, Findlay, OH, G.R.D. Hartog, Richmond, VA, Robert C. Wood, Charlottesville, VA, Howard C. McElroy, Abingdon, VA, for defendants.

## MEMORANDUM OPINION

GLEN M. WILLIAMS, Senior District Judge.

This diversity action is currently before the Court on the separate motions of the defendants to dismiss the plaintiffs' complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted under Virginia law. The plaintiffs, Dennis and Regina Wolford (collectively, "the Wolfords"), brought suit naming the Budd Company, Cooper Tire Company, and Ford Motor Company as defendants (collectively, "the defendants"). The Wolfords are residents of the Western District of Virginia. The Budd Company ("Budd") is a Pennsylvania corporation with a principal place of business in Michigan. Cooper Tire & Rubber Company, ("Cooper Tire") erroneously designated in the complaint as Cooper Tire Company, is a Delaware corporation with a principal place of business in Ohio. Ford Motor Company ("Ford Motor") is a Delaware corporation with a principal place of business in Michigan. Jurisdiction is based on diversity of citizenship pursuant to 28 U.S.C. § 1332.

### FACTS

The present action arose out of the explosion of a truck tire and wheel, purchased by the father of plaintiff Dennis Wolford. The tire, size LT235/85R16, model Courser OTD, design number 8510, 12817–2, DOT UPOR, was allegedly designed, tested, manufactured, and distributed into the stream of commerce by Cooper Tire. The wheel, size 16.5 × 6.0, model LU R 92820, was allegedly designed, tested, manufactured, and distributed into the stream of commerce by Budd and Ford Motor.

The Wolfords allege that on or about October 30, 1990, the tire bead separated from the wheel rim during inflation of the tire, causing an explosion which hurled the wheel and tire against Dennis Wolford, seriously injuring him. On November 2, 1992, the Wolfords filed their complaint, alleging: (1) that defendants are liable under a contractual theory of warranty and strictly liable in tort; (2) that defendants are liable based upon a theory of negligence associated with the design and manufacture of the Wheel Loader; and (3) that defendants are liable for the loss of comfort, companionship, society and services suffered by plaintiff Regina Wolford, wife of Dennis Wolford.

On December 18, 1992, Budd moved to dismiss the complaint pursuant to Federal Rule of Civil Procedure 12(b) on the following grounds: (1) that the Court lacks jurisdiction because the complaint was signed by a North Carolina attorney; (2) that the Wolfords seek relief based upon the theory of strict liability which is not recognized in Virginia; (3) that the Wolfords seek punitive damages, but have not set forth facts sufficient to support such a claim; and, (4) that the Wolfords seek damages for loss of con-

sortium, a claim not recognized in Virginia. On January 29, 1993, Cooper Tire moved to dismiss the complaint on the same aforementioned grounds. Likewise, on March 10, 1993, Ford Motor moved to dismiss the complaint with prejudice, alleging the same grounds and additionally alleging that any further proper complaint would be filed outside the statute of limitations. On April 12, 1993, Budd moved for summary judgment pursuant to Federal Rule of Civil Procedure 56(c). On April 15, 1993, Cooper Tire moved for summary judgment, adopting by reference the memorandum filed by Budd. The Court held a hearing on Budd's motion to dismiss on April 20, 1993.

### DISCUSSION

■ In order to prevail on a motion to dismiss, the defendants have the burden to show that the Wolfords have "fail[ed] to state a claim upon which relief can be granted." *Fed.R.Civ.P.* 12(b)(6). Rule 12(b)(6) motions test only whether the claim has been adequately stated; therefore, the Court's inquiry is primarily limited to the contents of the Wolfords' complaint. *Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 101–102, 2 L.Ed.2d 80 (1957). A motion to dismiss will not be granted "unless it appears to a certainty that the plaintiff would be entitled to no relief under any state of facts which could be proved in support of his claim." *Rogers v. Jefferson–Pilot Life Ins. Co.*, 883 F.2d 324, 325 (4th Cir.1989); *Adams v. Bain*, 697 F.2d 1213, 1216 (4th Cir.1982).

If the above standard is met, "a claim must be dismissed without regard to whether it is based on an outlandish legal theory or on a close but ultimately unavailing one." *Neitzke v. Williams*, 490 U.S. 319, 327, 109 S.Ct. 1827, 1832, 104 L.Ed.2d 338 (U.S.1989). As the Fourth Circuit stated:

> In reviewing the legal sufficiency of the complaint, we construe the factual allegations "in the light most favorable to the plaintiff." However, we are "not so bound with respect to [the complaint's] legal con-

clusions. Were it otherwise, Rule 12(b)(6) would serve no function, for its purpose is to provide a defendant with a mechanism for testing the legal sufficiency of the complaint."

*Schatz v. Rosenberg*, 943 F.2d 485, 489 (4th Cir.1991) (citations omitted), *cert. denied*, —— U.S. ——, 112 S.Ct. 1475, 117 L.Ed.2d 619 (1992); *see also Hishon v. King & Spalding*, 467 U.S. 69, 73, 104 S.Ct. 2229, 81 L.Ed.2d 59 (1984). Therefore, the Court will consider the merits of defendants' motions to dismiss.

### I. *Failure to Comply with Rule 11 and Local Rules*

■ The defendants contend that the complaint should be dismissed in its entirety because it was signed by an attorney not admitted to practice in Virginia or before this Court. The complaint was signed as follows: "Dennis James Wolford and Regina Wolford, Plaintiffs, By Counsel, John L. Hash, Attorney at Law, P.O. Box 24893, Winston–Salem, North Carolina, 919–983–8196, NC State Bar No. 16520." The complaint was accepted and marked filed by the Abingdon clerk's office on November 2, 1992.

It is undisputed that Mr. Hash is admitted to practice in the state of North Carolina. It is also undisputed that subsequent to the filing of the complaint, Mr. Hash associated himself with local counsel and was admitted to this Court *pro hac vice*.[1] However, Mr. Hash was not admitted to practice in either the Commonwealth of Virginia or before this Court at the time he signed the complaint. Therefore, the question before the Court is whether or not a complaint filed by an attorney who is not admitted to practice before this Court should be dismissed.

The Court is mindful that it should construe the complaint so "as to do substantial justice." *Fed.R.Civ.P.* 8(f). In the present case, the cost to the defendants to defend based on an obvious pleading defect is relatively small. In contrast, if the complaint is dismissed it appears that the Wolfords will be barred any recovery by the applicable

---

1. On January 8, 1993, Daniel R. Bieger, Esquire, VSB No. 18456, noted his appearance as local counsel for John Lawler Hash, Esquire. On March 17, 1993, this Court upon motion ordered that John Lawler Hash, Esquire be permitted to appear *pro hac vice* in association with Daniel R. Bieger, Esquire.

**130**

state statute of limitations.[2] "Substantial justice" to the Wolfords requires that the Court not use the local rules to turn the error of their counsel into "a lock on the courthouse door." *See Dozier v. Ford Motor Co.,* 702 F.2d 1189, 1201 (D.C.Cir.1983).

This Court's decision is in accordance with decisions of numerous other federal courts which have refused to dismiss pleadings or motions filed by attorneys not admitted to practice before the court. *E.g. Schifrin v. Chenille Mfg. Co.,* 117 F.2d 92 (2d Cir.), *cert. denied,* 313 U.S. 590, 61 S.Ct. 1114, 85 L.Ed. 1545 (1941); *Becks v. Turner,* 68 F.R.D. 466 (E.D.N.Y.1975); *Pavlak v. Duffy,* 48 F.R.D. 396 (D.Conn.1969); *MacNeil v. Hearst Corp.,* 160 F.Supp. 157 (D.Del.1958); *Stevens v. Gertz,* 103 F.Supp. 760 (W.D.Mich.1952); *Daewoo Elecs. Co. v. United States,* 655 F.Supp. 508 (Ct.Int'l Trade 1987) (slip op.); *see also Gold Reserve Corp. v. McCarty,* 228 Mont. 512, 744 P.2d 160 (1987).

█ In refusing to dismiss pleadings not signed by counsel admitted before the courts in violation of local rules, the federal courts recognize:

> Since no penalty for violation ... is expressly provided, it may be fairly inferable that sanctions should be applied only against those to whom the rule is addressed and who themselves infringe it, i.e., those who, not being attorneys of the court, attempt to enter appearances and sign stipulations for parties.

*Schifrin,* 117 F.2d at 94 (citations omitted). In the present case, Federal Rule of Civil Procedure 11 and Local Rule 5 are applicable. These rules were likewise promulgated for the purpose of regulating attorneys and not for the purpose of penalizing innocent litigants. Rule 11 provides in part that "[e]very pleading, motion, and other paper of a party represented by an attorney shall be signed by at least one attorney of record...." *Fed.R.Civ.P.* 11. Local Rule 5 states that "[n]o pleading, notice or other

paper required to be signed by counsel shall be accepted for filing by the clerk unless signed by a member of the bar of this Court...." *W.D.Va.R.Ct.* 5 (effective Jan. 1, 1988).

Furthermore, even assuming the Court applies the sanctions of Rule 11 against the Wolfords and not their counsel, the sanctions do not mandate dismissal of the complaint. Instead, Rule 11 states that a non-conforming pleading need not be stricken if "it is signed promptly after the omission is called to the attention of the pleader." *Fed. R.Civ.P.* 11. To the extent that a complaint signed by an attorney not admitted to practice before this Court constitutes a "pleading" "signed in violation of [Rule 11]," the Rule calls only for "an appropriate sanction." *Fed.R.Civ.P.* 11. Local Rule 5 provides simply that no pleading shall be accepted for filing unless signed by a member of the bar of this Court. In the present case, the complaint was accepted for filing. Consequently, Local Rule 5 suggests no further sanction and has no further applicability.

█ The defendants contend that the rules of the Supreme Court of Virginia should govern the present case, specifically Rule 1A:4.[3] The Court acknowledges that state law controls the rights and duties of the parties in a federal action founded on diversity. *Erie Ry. Co. v. Tompkins,* 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938). However, the question raised by defendants' motions to dismiss does not involve the substantive law as to the rights and liabilities of the parties but is procedural and, accordingly, should be determined solely under Federal law and rules of procedure.

█ The defendants suggest that the requirements of Rule 11 and the local rules of court may be viewed as mandatory and jurisdictional. However, such a construction would lose sight of the fundamental purpose of procedural rules: "to serve as useful guides to help, not hinder, persons who have

---

**2.** The complaint alleges that the accident and injury occurred on November 3, 1990. Plaintiffs' complaint was filed on November 2, 1992.

**3.** Rule 1A:4, *R.Sup.Ct.Va.,* provides in pertinent part, that "[e]xcept where a party conducts his

own case, a pleading, or other paper required to be served (whether relating to discovery or otherwise) shall be invalid unless it is signed by a member of the Virginia State Bar."

a legal right to bring their problems before the courts." Order Adopting Revised Rules of the Supreme Court of the United States, 346 U.S. 945, 946 (April 12, 1954) (separate statement of Justice Black), *cited in Daewoo Elecs. Co.*, 655 F.Supp. at 511. Where, as in the present case, it is not apparent from the language or context of the rule that compliance is essential to an effective filing, the Court will not view noncompliance as per se fatal.

■ In support of its contention that the complaint should be dismissed, the defendants cite *Mullin–Johnson Co. v. Penn Mut. Life Ins. Co.*, 9 F.Supp. 175 (N.D.Cal.1934); *Brandstein v. White Lamps, Inc.*, 20 F.Supp. 369 (S.D.N.Y.1937); and *MacNeil v. Hearst Corp.*, 160 F.Supp. 157 (D.Del.1958). In these cases the courts, confronted with pleadings filed by attorneys not admitted to practice before the court, struck the pleadings and granted motions to dismiss. However, in each of these cases, the offending attorney was appearing on behalf of a corporation. Consequently, these cases have no applicability to the present case. A corporation may not appear as an attorney for itself, or in person to represent itself. It can only appear in court through a licensed attorney who is a member of the court's bar. In contrast, the Wolfords could well have brought suit as *pro se* plaintiffs. Section 1654 provides that parties may plead and conduct their cases personally or by counsel as permitted by the rules of court. 28 U.S.C. § 1654.

The defendants also cite *Covington v. Allsbrook*, 636 F.2d 63 (4th Cir.1980), *cert. denied*, 451 U.S. 914, 101 S.Ct. 1990, 68 L.Ed.2d 305 (1981), in which the Fourth Circuit dismissed the appeal of a *pro se* litigant who did not sign a notice of appeal for failure to comply with the requirement that the notice of appeal be signed personally by a *pro se* party or his attorney. The defendants contend that a complaint filed by a non-admitted attorney is likewise tantamount to no filing at all. However, this case is readily distinguishable because in the present case the Wolfords are not at fault. Unlike the plaintiff in the *Covington* case, the Wolfords

made no omission and did not personally fail to comply with any rule of court.

In conclusion, the Court finds that Mr. Hash's failure to be admitted to practice before this Court *pro hac vice* was a mere technical defect. This defect was promptly cured and neither prejudiced nor misled any of the defendants. It is obvious that granting a motion to dismiss would penalize the innocent plaintiffs rather than their attorney. Under the circumstances, the Court concludes that the complaint should not be dismissed and need not be refiled. The Court finds that no other sanction is warranted.

In light of the above holding, the Court need not address Ford Motor's claim of statute of limitations.

## II. *Strict Liability*

■ The defendants also move the Court to dismiss the Wolfords' claim of strict products liability in Count One under Rule 12(b)(6) for failure to state a claim upon which relief can be granted. The defendants maintain that the Commonwealth of Virginia has not recognized and does not afford the Wolfords a remedy for a strict products liability cause of action in tort. The Court agrees that the Wolfords' claim based on strict liability must fail. While other jurisdictions have adopted the rule of strict liability in tort announced in Section 402(A) of the Restatement (Second) of Torts, Virginia has not adopted the rule. Virginia does not allow recovery on the basis of any theory of strict tort liability. *See Abbot v. American Cyanamid Co.*, 844 F.2d 1108, 1114 (4th Cir.), *cert. denied*, 488 U.S. 908, 109 S.Ct. 260, 102 L.Ed.2d 248 (1988); *Quillen v. International Playtex, Inc.*, 789 F.2d 1041, 1042 (4th Cir. 1986); *Sensenbrenner v. Rust, Orling & Neale, Architects, Inc.*, 236 Va. 419, 424 n. 4, 374 S.E.2d 55, 57 n. 4 (1988). The Supreme Court of Virginia has clearly stated that "Virginia law has not adopted § 402A of the Restatement (Second) of Torts and does not permit tort recovery on a strict-liability theory in products-liability cases." *Sensenbrenner*, 236 Va. at 424 n. 4, 374 S.E.2d at 57.

## III. *Inadequate Proof of Punitive Damages*

■ Defendants contend that the Wolfords' claim for punitive damages in Count

Two should be dismissed because they have not alleged facts sufficient to support such a claim. As the defendants reference matters outside the pleadings, this argument should have been raised by way of a motion for summary judgment. *See Fed.R.Civ.P.* 12(b)(6). In a proper case, the Court could treat the motion to dismiss as a motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure. However, here as the motion now stands, the Court may not do so. Not only is the issue not ripe for disposition, not having had oral argument presented, but the defendants have not "set forth such facts as would be admissible in evidence." *Fed.R.Civ.P.* 56(e). The motion may therefore not be considered as a motion for summary judgment. Considering the motion as a Rule 12(b)(6) motion, it is denied.

### IV. *Loss of Consortium*

 Defendants move the Court to dismiss Count Three of the plaintiffs' complaint. Count Three is a claim for the loss of consortium suffered by Regina Wolford, wife of the injured plaintiff Dennis J. Wolford. The Court notes that under the Code of Virginia and judicial interpretations thereof, neither spouse may recover for loss of consortium arising out of injury to the other spouse. *Va.Code Ann.* § 55–36 (Michie 1992); *see, e.g., Carey v. Foster,* 345 F.2d 772, 776–77 (4th Cir.1965), *cited in Musick v. United States,* 781 F.Supp. 445 (W.D.Va.1991). Accordingly, any recovery in the present case will be limited to compensating Dennis J. Wolford for his alleged injuries and cannot serve to compensate his spouse for any loss that she may have suffered.

### CONCLUSION

This Court, finding to a certainty that the Wolfords would be entitled to no relief under any circumstances that could be proved to support their position, accordingly grants defendants' motions to dismiss the strict liability and consortium counts of the Wolfords' complaint. The defendants' motion to dismiss the punitive damages claim is denied. Likewise, defendants' motion to dismiss the entire complaint on the basis that it was filed

by counsel not admitted to practice in either Virginia or before this Court, is denied.

The Clerk is directed to send certified copies of the Memorandum Opinion to counsel of record.

### ORDER

For the reasons stated in the Memorandum Opinion, it is hereby ADJUDGED AND ORDERED that defendants' motion to dismiss the entire complaint is DENIED. Defendants' motion to dismiss the punitive damages claim in Count Two is also DENIED. Defendants' motion to dismiss Count One of the complaint for strict liability is GRANTED. Defendants' motion to dismiss Count Three of the complaint for loss of consortium is also GRANTED. The Clerk is directed to send certified copies of the Order to counsel of record.