Lauriat, J.
The plaintiff has sued the defendants, his former attorneys, for legal malpractice. The defendants now have moved for summary judgment on statute of limitations grounds.
BACKGROUND
The beginnings of this case go all the way back to 1981. On November 3rd of that year, plaintiff Elie J. Baghdady (“Baghdady”) hired the defendants, Lubin & Meyer, P.C. (“Lubin & Meyer”), a Boston law firm, and Philip J. Crowe, Jr. (“Crowe”), a partner in that firm, to represent him in a securities fraud action against Prudential Securities, Inc. (“Prüdential”), and Alan Sachs (“Sachs”). That ill-fated lawsuit was filed in the U.S. District Court for the District of Massachusetts in 1982. The case never reached trial. On June 30, 1986, the word “closed” was handwritten on the docket sheet in federal court. No further action on the case took place until November 13, 1991, when Prudential and Sachs filed a motion for summary judgment.
On October 31, 1991, Baghdady sent a letter to Crowe telling him to transfer Baghdady’s case file to another law firm.[1] On November 7, 1991, Baghdady instructed Crowe to close Baghdady’s trust account (for expert witness expenses) at Lubin & Meyer. Nevertheless, on December 19, 1991, Crowe filed in U.S. District Court, on Baghdady’s behalf, an opposition to Prudential and Sachs’s motion for summary judgment. Crowe did not file a notice of withdrawal as Baghdady’s attorney in the District Court until December 7, 1993. On that same date, a notice of appearance on Baghdady’s behalf in the District Court was filed by attorney Sabra Jones of Weston, Massachusetts, and a motion pro hac vice to represent Baghdady in the litigation against Prudential and Sachs was filed by Michigan attorney Jack C. Chilingirian (“Chilingirian”). On April 22, 1994, Baghdady’s federal action against Prudential and Sachs was dismissed for failure to prosecute. Baghdady moved to re-open the case, but on April 25, 1994, that motion was denied.
On September 16, 1994, Baghdady filed a complaint in Suffolk Superior Court alleging legal malpractice against Lubin & Meyer and Crowe. The complaint, however, was signed only by Chilingirian, who was not admitted to practice in Massachusetts. A motion by Chilingirian to appear pro hac vice accom *693 panied the complaint, but was apparently not acted upon by the court until November 1995. On August 22, 1995, Massachusetts attorney Carmen A. Frattaroli (“Frattaroli”) filed an appearance in this case on behalf of Baghdady, and re-filed Baghdady’s legal malpractice complaint, after signing it himself. Chilingirian’s motion pro hac vice was granted by the court on November 7, 1995 [4 Mass. L. Rptr. 524). Shortly after Baghdady’s complaint was refiled, Lubin & Meyer and Crowe moved for summary judgment on the ground that the complaint was time-barred.
DISCUSSION
Baghdady’s claim for legal malpractice is subject to a three-year statute of limitations. G.L.c. 260, §4. Lubin & Meyer and Crowe assert that Baghdady took more than three years from the time his claim accrued to file a valid complaint in Superior Court. First, they contend that Baghdady’s cause of action accrued in late October or early November 1991, when he took some steps to fire Crowe. They further argue that Baghdady’s complaint was not effective for limitations purposes until nearly four years later, in August, 1995, when it was signed by attorney Frattaroli. In response, Baghdady argues that his cause of action did not accrue until December 7, 1993, when Crowe formally withdrew as his attorney, and, alternatively, that the September, 1994 complaint signed by Chilingirian was sufficient to meet the requirements of the statute of limitations. The court will focus on the question of whether Baghdady’s September 16, 1994 complaint was valid for limitations purposes; its resolution of that issue obviates the necessity of determining precisely when Baghdady’s malpractice claims accrued.
The two rules of procedure that govern the validity of the September 16, 1994 complaint are Mass.R.Civ.P. 11(a) and Mass.R.Civ.P. 3. Rule 11(a) provides, in part,
Every pleading of a party represented by an attorney shall be signed in his individual name by at least one attorney who is admitted to practice in this Commonwealth ... [i]f a pleading is not signed, or is signed with intent to defeat the purpose of this Rule, it may be stricken and the action may proceed as though the pleading had not been filed . . .
Rule 3 provides, also in part,
A civil action is commenced by (1) mailing to the clerk of the proper court by certified or registered mail a complaint and an entry fee prescribed by law, or (2) filing such complaint and an entry fee with such clerk. . . .
There is no dispute that the complaint filed by Baghdady on September 16, 1994 met the requirements of Rule 3, except to the extent that it violated Rule 11 (a) in not being signed by an attorney admitted to practice in Massachusetts. If the September 16, 1994 complaint successfully commenced Baghdady’s malpractice action on that date, then the three-year statute of limitations was clearly satisfied, because the earliest date on which Baghdady’s claims could have accrued, as both parties concede, was September 16, 1991. The question therefore is whether a complaint that otherwise comports with the requirements of Rule 3 but is not signed by a Massachusetts attorney may be treated as commencing an action for limitations purposes.
It appears that there is no Massachusetts case law answering this question. This Court is therefore left to reason from any persuasive authority that may be found. The Supreme Judicial Court has stated, “[t]his court having adopted comprehensive rules of civil procedure in substantially the same form as the earlier Federal Rules of Civil Procedure, the adjudged construction theretofore given to the Federal rules is to be given to our rules, absent compelling reasons to the contrary or significant differences in content.” Rollins Environmental Services, Inc. v. Superior Court, 368 Mass. 174, 179-80 (1975). Federal Rule 11, though it varies substantially in some respects from the corresponding Massachusetts Rule, is the same in all respects relevant to this case.
Under federal case law, a pleading signed by an attorney not admitted to practice in the court involved is not to be stricken or treated as a nullity. A recent case directly on point is Wolford v. Budd Co., 149 F.R.D. 127 (W.D.Va. 1993). In Wolford, the plaintiffs’ complaint was filed in the U.S. District Court for the Western District of Virginia. It was signed by an attorney who was admitted neither in that District Court, nor in the state courts of Virginia. (He was a member of the North Carolina bar.) The attorney did not move for admission to the bar pro hac vice until after the applicable statute of limitations had expired. The defendants moved to dismiss the complaint for failure to comply with Rule 11. The court stated that:
. . . the question ... is whether or not a complaint filed by an attorney who is not admitted to practice before this Court should be dismissed. . . . ‘[substantial justice’ to the Wolfords requires that the Court not use the local rules to turn the error of their counsel into ‘a lock on the courthouse door.’ . . . [t]his . . . decision is in accordance with decisions of numerous other federal courts which have refused to dismiss pleadings or motions filed by attorneys not admitted to practice before the court
149 F.R.D. at 129-30 (citations omitted). Accord Daewoo Electronics Co., Ltd. v. United States, 655 F.Supp. 508, 512 (Ct. Int’l Trade 1987) (“[such a] ruling is in line with decisions of numerous other federal courts which have refused to treat a pleading or motion filed by an attorney not admitted to practice in the court as a nullity”).
The reasoning of the federal courts applies with equal force in the instant case. The Wolford court relied *694 in part on Federal Rule 8(f), which is the same in Massachusetts: “[a]ll pleadings shall be so construed as to do substantial justice.” Massachusetts Rule 11(a) provides that “(ijf a pleading is not signed, or is signed with intent to defeat the purpose of this Rule, it may be stricken and the action may proceed as though the pleading had not been filed.” (Emphasis added.) The remedy for any failure to comply with the requirements of Rule 11(a) is therefore left to the sound discretion of the trial court. Baghdady’s September 16, 1994 complaint has not previously been stricken by this court; in fact, on November 7, 1995, this court denied a motion to strike the complaint (see Memorandum of Decision and Order, Lauriat, J., November 7, 1995 [4 Mass. L. Rptr. 524]). There is no reason to upset that ruling now. There is no evidence in the record to suggest that Baghdady or Chilingirian intended to prejudice the defendants or improperly circumvent court rules by failing to obtain the signature of a Massachusetts attorney on the September 16, 1994 complaint. Chilingirian has since been admitted to the Massachusetts bar pro hac vice (and a local attorney has signed the complaint), and there is no evidence in the record to suggest that Lubin & Meyer or Crowe will be unduly prejudiced by allowing the case to proceed as it would have if a Massachusetts attorney had signed the September 16, 1994 complaint. Certainly the defendants have had actual notice of the lawsuit since that date. By contrast, if the complaint is stricken and treated as a nullify, Baghdady’s claims might well be time-barred. Therefore the court, exercising its discretion under Mass.R.Civ.P. 11(a), will not strike the September 16, 1994 complaint, and will treat it as a sufficient “complaint” to meet the requirements of Rule 3 for commencing an action. All parties concede that if the September 16, 1994 complaint is valid, the action is timely.
ORDER
For the foregoing reasons, the Defendants’ Motion for Summary Judgment is hereby DENIED.

Apparently Crowe did not follow this instruction.