Johnnie Lang EDWARDS, a/k/a
Samuel Jones, Plaintiff,

v.

Meyera E. OBERNDORF, individually and in her official capacity as Mayor of the City of Virginia Beach, A.M. Jacocks, Jr., individually and in his capacity as Chief of Police of the Virginia Beach Police Department, Scott E. Wichtendahl, in his official capacity as Police Officer in and for the Virginia Beach Police Department, R. Lamb, in his official capacity as Police Officer in and for the Virginia Beach Police Department, Paul Lanteigne, individually and in his official capacity as Sheriff of the Virginia Beach Correctional Department–Jail, Robert J. McCabe, individually and in his official capacity as Sheriff of the Norfolk Correctional Department–Jail, and Richard D. Holcomb, individually and in his capacity as Commissioner of the Virginia Department of Motor Vehicles, Defendants.

No. 02–CV–347.

United States District Court,
E.D. Virginia,
Norfolk Division.

Feb. 6, 2003.

Johnnie Lang Edwards, Norfolk, VA, for Plaintiff.

Leslie Louis Lilley, Kimberly Rouse Van Essendelft, S. Lawrence Dumville, Norris & St. Clair PC, Virginia Beach, VA, Eric Karl Gould Fiske, Richmond, VA, for Defendants.

## OPINION AND ORDER

BRADBERRY, United States Magistrate Judge.

This matter is before the Court on defendants' motions to dismiss and motions for summary judgment. On May 8, 2002, plaintiff brought this action pursuant to 42 U.S.C. § 1983, in the United States District Court for the Eastern District of Virginia, Norfolk Division. On September 6, 2002, Richard D. Holcomb filed a motion for summary judgment, and Robert J. McCabe filed a motion to dismiss. On September 10, 2002, Meyera E. Oberndorf, A.M. Jacocks, Jr., Scott E. Wichtendahl, and R. Lamb filed a motion to dismiss, or in the alternative, a motion for summary judgment. On October 4, 2002, Paul Lanteigne filed a motion for summary judgment. On January 6, 2003, the matters came on for hearing. For the following reasons, defendants' respective motions are GRANTED.

## I. STATEMENT OF THE CASE

### A. Background

On May 8, 2000, plaintiff was arrested for driving under the influence in the City of Virginia Beach by Officer Scott E. Wichtendahl. On June 28, 2000, petitioner was tried and convicted, as charged, in the Virginia Beach General District Court. Petitioner appealed to the Circuit Court of Virginia Beach, and the case was tried, *de novo,* on October 19, 2000, and again resulted in plaintiff's conviction. Plaintiff appealed to the Virginia Court of Appeals, arguing that his conviction was invalid because he was not offered a breathalyzer or blood test. On September 24, 2001, the court affirmed the conviction. Plaintiff's subsequent appeal to the Supreme Court of Virginia was dismissed on April 4, 2002. Plaintiff then filed a petition to set aside the judgment of the Supreme Court of Virginia, but the petition was denied on June 7, 2002.

Plaintiff alleges that his due process rights were violated because he was arrested without being offered a breathalyzer or blood test. Plaintiff further alleges that his due process rights were violated and that he was subjected to cruel and unusual punishment, when he was held in an "administrative strip cell," without notice of a charge or an opportunity to be heard, while the Virginia Beach City Jail (VBCJ) determined the status of plaintiff's outstanding capias issued by the Norfolk General District Court.[1]

---

1. Plaintiff seeks monetary damages, as well as injunctive relief. Specifically, plaintiff has

demanded compensatory damages from

On September 6, 2002, defendant Holcomb filed a motion for summary judgment, and defendant McCabe filed a motion to dismiss. On September 10, 2002, defendants Oberndorf, Jacocks, Wichtendahl, and Lamb filed a motion to dismiss, or in the alternative, a motion for summary judgment. On October 4, 2002, defendant Lanteigne filed a motion for summary judgment. The issues were argued before the Court on January 6, 2003, and the matters are now ripe for consideration.

### B. Issues

1. Whether plaintiff's claims against McCabe survive a motion to dismiss standard;
2. Whether plaintiff's claims against Holcomb and Lanteigne survive a motion for summary judgment standard; and
3. Whether plaintiff's claims against Oberdorf, Jacocks, Wichtendahl, and Lamb survive a motion to dismiss, or in the alternative, a motion for summary judgment standard.

## II. FINDINGS OF FACT AND CONCLUSIONS OF LAW

### A. Motion to Dismiss Standard

In ruling on a motion to dismiss for failure to state a claim upon which relief can be granted, the complaint is construed in the light most favorable to plaintiff, and her allegations are taken as true. *See Brower v. County of Inyo*, 489 U.S. 593, 598, 109 S.Ct. 1378, 103 L.Ed.2d 628 (1989) (citing *Scheuer v. Rhodes*, 416 U.S. 232, 236, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974));

*Jenkins v. McKeithen*, 395 U.S. 411, 421, 89 S.Ct. 1843, 23 L.Ed.2d 404 (1969); *Higgins v. Medical Coll. of Hpt. Rds.*, 849 F.Supp. 1113, 1117 (E.D.Va.1994). The complaint should not be dismissed unless it appears to a certainty that plaintiff can prove no facts in support of her claim which would entitle her to relief. *See Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957); *GE Inv. Private Placement Partners II v. Parker*, 247 F.3d 543, 548 (4th Cir.2001); *Martin Marietta Corp. v. Int'l Telecommuns. Satellite Org.*, 991 F.2d 94, 97 (4th Cir.1992); *Johnson v. Mueller*, 415 F.2d 354, 355 (4th Cir.1969). The courts must construe the complaint liberally in favor of plaintiffs, even if recovery appears remote and unlikely. *See Jenkins*, 395 U.S. at 421, 89 S.Ct. 1843. In ruling on a 12(b)(6) motion, the court primarily considers the allegations in the complaint but may consider attached exhibits and documents incorporated by reference. *See Simmons v. Montgomery County Police Officers*, 762 F.2d 30, 31 (4th Cir.1985); *Wolford v. Budd Co.*, 149 F.R.D. 127, 129–32 (W.D.Va.1993).

### B. Motion for Summary Judgment Standard

As set forth in Rule 56 of the Federal Rules of Civil Procedure, summary judgment is appropriate when the moving party can show by affidavits, depositions, admissions, answers to interrogatories, the pleadings, or other evidence, "that there is no genuine issue as to any material fact and that the moving party is entitled to a

Oberndorf, Jacocks, and Wichtendahl; nominal damages from Lanteigne and McCabe; and punitive damages from Oberndorf, Jacocks, Wichtendahl, Lanteigne, and McCabe. Plaintiff seeks to have the Court declare that defendants, through their actions, policies, and practices, violated plaintiff's constitutional rights. Furthermore, plaintiff has requested a preliminary and permanent injunction

which requires Holcomb: (1) to rescind the policy concerning confiscation of plaintiff's driver's license and privilege to drive; (2) to not impose any sanctions against plaintiff concerning his DUI arrest and conviction while plaintiff's appeals are pending; and (3) to not require plaintiff to attend an alcohol program and driver's improvement clinic.

judgment as a matter of law." FED.R.CIV.P. 56(c). Rule 56 mandates entry of summary judgment against a party who "after adequate time for discovery and upon motion ... fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett,* 477 U.S. 317, 322, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986).

The moving party is not entitled to summary judgment if there is a genuine issue of material fact in dispute. *See Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). A genuine issue of fact exists if a reasonable jury could return a verdict for a nonmoving party. *See id.* In other words, summary judgment appropriately lies only if there can be but one reasonable conclusion as to the verdict. *See id.*

> Finally, as the Fourth Circuit explained, [w]e must draw any permissible inference from the underlying facts in the light most favorable to the party opposing the motion. Summary judgment is appropriate only where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, such as where the non-moving party has failed to make a sufficient showing on an essential element of the case that the non-moving party has the burden to prove.

*Tuck v. Henkel Corp.,* 973 F.2d 371, 374 (4th Cir.1992) (citations omitted).

### C. Defendants and Their Respective Motions

#### 1. Meyera E. Oberndorf

■ Plaintiff brings this action against Oberndorf, Mayor of the City of Virginia Beach, individually and in her official capacity. Oberndorf has moved to dismiss, or in the alternative, for summary judgment.

■ Plaintiff only mentions Oberndorf once in his original complaint. Specifically, plaintiff states that Oberndorf "oversees the Municipal Offices/Departments and is legally responsible for the overall operation of the Virginia Beach Police Department/Division under her jurisdiction." (Compl.¶ 3.) Plaintiff alleges no personal action against Oberndorf. Furthermore, the doctrine of respondeat superior does not exist under 42 U.S.C. § 1983. *Monell v. Dep't of Social Servs.,* 436 U.S. 658, 663, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978). The Court finds that plaintiff has failed to state a claim upon which relief can be granted against Oberndorf, individually or in her official capacity. Accordingly, Oberndorf's motion to dismiss is GRANTED.

#### 2. A.M. Jacocks, Jr.

■ Plaintiff brings this action against Jacocks, Chief of Police in the City of Virginia Beach, individually and in his official capacity. Jacocks has moved to dismiss, or in the alternative, for summary judgment.

Again, plaintiff only mentions Jacocks once in his original complaint. Specifically, plaintiff states that Jacocks "is legally responsible for the opverall [sic] operations of the Police Department and each subdivision thereof." (Compl.¶ 4.) Plaintiff alleges no personal action against Jacocks. Further, the doctrine of respondeat superior is not a basis for liability under 42 U.S.C. § 1983. *Monell v. Dep't of Social Servs.,* 436 U.S. 658, 663, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978). The Court finds that plaintiff has failed to state a claim upon which relief can be granted against Jacocks, personally or in his individual capacity. Accordingly, Jacocks' motion to dismiss is GRANTED.

#### 3. Scott E. Wichtendahl

■ Plaintiff brings this action against Scott E. Wichtendahl, a Virginia Beach

police officer, individually and in his official capacity.[2] Wichtendahl moved to dismiss, or in the alternative, for summary judgment.

█ Plaintiff alleges that he was wrongfully arrested for driving under the influence and subsequently convicted of the offense by the improper conduct of Wichtendahl, who refused to grant plaintiff's demand for a blood or breath test. Plaintiff argues that section 18.2–268.2, of the Virginia Code, mandates that a breathalyzer or blood test be given before one can be arrested for DUI. The courts of the Commonwealth of Virginia disagree, at least under the circumstances of this case. Section 18.2–268.2 is an implied consent rule; that is, section 18.2–268.2 gives arresting officers the right to request that operators of motor vehicles consent to a blood or breath test when the operator is suspected of being under the influence of alcohol. Licensed drivers, in Virginia, impliedly consent to such tests or face the loss of their driving privileges for a period of time for their refusal, without regard to the results of trial on a charge of driving under the influence of alcohol. However, the absence of a blood or breath test does not preclude prosecution for driving under the influence. The observations made by the arresting officer of an individual's speech, coordination, alertness, and ability to follow instructions may be sufficient to carry the burden. Furthermore, in this case, plaintiff was stopped in the parking lot of a restaurant, not on a highway. As the Court of Appeals noted:

> We conclude that since the "implied consent" statute, Code § 18.2–268.2, is restricted by its terms to a "highway," [plaintiff]'s contention that the section affords him a right to a breathalyzer test fails. Since Code § 18.2–268.2 does not apply under the facts of this case, we do not address whether that statute affords a suspect such an entitlement.

(Mem. in Support of Mot. to Dismiss, etc. on Behalf of "City Defendants," Ex. 2 at 9.) Active consent by the operators of motor vehicles is not necessary. However, section 18.2–268.2 does not, as plaintiff alleges, give the operator of a motor vehicle the right to request a breathalyzer or blood test.

█ Plaintiff also alleges that the Virginia Beach Police Department's "DUI Check Sheet," completed by Wichtendahl in reference to plaintiff's arrest, "amounts to age-discrimination." (Compl.¶ 8.) Specifically, plaintiff states that "Step E" on the check sheet discriminates on the basis of age because it states: "Implied Consent: (*Must* be offered to persons under 21 years of age who are suspected of operating a motor vehicle after illegally consuming alcohol/DUI.)" (Compl., Ex. C.) The Court finds that plaintiff's allegation of age discrimination in the Virginia Beach Police Department's "DUI Check Sheet" does not constitute an individual cause of action against Wichtendahl simply because Wichtendahl used the "DUI Check Sheet," when arresting plaintiff. In fact, plaintiff's age discrimination allegation is not a proper cause of action against any party in the case before the Court. The Court finds that plaintiff has failed to state a claim upon which relief can be granted against Wichtendahl, individually or in his individual capacity. Accordingly, Wichtendahl's motion to dismiss is GRANTED.

---

**2.** In the style of the complaint, plaintiff named Wichtendahl as a defendant in his official capacity. However, in the body of the complaint, plaintiff states he has brought this action against Wichtendahl "individually and in [his] official capacity." (Compl.¶ 5.) The Court construes plaintiff's complaint liberally and assumes that plaintiff wishes to sue Wichtendahl individually and in his official capacity.

### 4. *R. Lamb*

 Plaintiff brings this action against Lamb, a Virginia Beach police officer, individually and in his official capacity.[3] Lamb has moved to dismiss, or in the alternative, for summary judgment.

Plaintiff alleges that Lamb was present during his arrest on May 8, 2000. According to plaintiff, Lamb acted "under color of law." (Compl.¶ 5.) However, plaintiff directs all of his allegations concerning his arrest toward Wichtendahl only. In fact, plaintiff does not even request any relief from Lamb.[4] The Court finds that plaintiff has failed to state any claim upon which relief can be granted against Lamb, individually or in his official capacity. Accordingly, Lamb's motion to dismiss is GRANTED.

### 5. *Paul Lanteigne*

Plaintiff brings this action against Lanteigne, Sheriff of the City of Virginia Beach, individually and in his official capacity. Lanteigne has moved for summary judgment.

 Plaintiff was arrested on May 8, 2000, and remained in the custody of the VBCJ until June 29, 2000, the day following his conviction for drunk driving in the Virginia Beach General District Court. The basis of all of plaintiff's allegations arise during the period from May 8, 2000, until June 29, 2000. Plaintiff attempts to impose liability on Lanteigne in his role as Sheriff of the City of Virginia Beach.[5] However, Lanteigne was not appointed Sheriff until August, 2000, after plaintiff's trial and release from custody. Lanteigne cannot be held responsible for events that occurred prior to his appointment. Even if he could, the doctrine of respondeat superior is not a basis for liability under 42 U.S.C. § 1983. *Monell v. Dep't of Social Servs.*, 436 U.S. 658, 663, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978).

 Furthermore, the Court finds that plaintiff's claims of cruel and unusual punishment present no issues of triable fact. On June 28, 2000, the Virginia Beach General District Court ordered plaintiff's release. In anticipation of his release, the VBCJ moved plaintiff out of his detention cell and into a lock-up cell, normally used for short-term detention. However, on May 17, 2000, plaintiff was served with a surety capias, issued by the Norfolk General District Court. Therefore, before releasing plaintiff, the Virginia Beach Sheriff's Department sent a FAX to the Norfolk Sheriff's Office to determine if a detainer was still lodged against plaintiff. During the wait for a reply, plaintiff was not returned to his detention cell but was left in the lock-up cell.[6] Plaintiff remained there until the

---

**3.** In the style of the complaint, plaintiff named Lamb as a defendant in his official capacity. However, in the body of the complaint, plaintiff states he has brought this action against Lamb "individually and in [his] official capacity." (Compl.¶ 5.) The Court construes plaintiff's complaint liberally and assumes that plaintiff wishes to sue Lamb individually and in his official capacity.

**4.** Plaintiff "seeks compensatory damages in the amount of $1,000, from each defendant, except defendant R. Lamb." (Compl.¶ 10.) Furthermore, plaintiff "seeks punitive damages in the amount of $5,000, from each defendant, except defendant R. Lamb." (Compl.¶ 11.)

**5.** Plaintiff alleges that Lanteigne is "legally responsible for the overall operation of [the VBCJ], and for the welfare of each inmate in that Jail" that he was in Lanteigne's "custody and control." (Am. Complaint at ¶¶ 3, 6.) Furthermore, plaintiff alleges that Lanteigne promulgated the jail rules, policies, and regulations, etc., that were violated by Lanteigne's staff and that Lanteigne should have known that his staff was in violation of the rules, policies, and regulations, etc. (Am. Compl.¶ 6.)

**6.** Plaintiff refers to the holding cell as an "administrative strip cell."

morning of June 29, 2000, when the Virginia Beach Sheriff's Department was informed that the capias had been released. According to plaintiff, he was in the holding cell for a total of "pretty close to 20 hours." (Hrg. Tr. at 27.) The record reflects otherwise. Plaintiff argues that the twenty hours he spent in the holding cell constituted cruel and unusual punishment.[7] The Court disagrees.

The VBCJ did not err in holding plaintiff while awaiting information on his status in the Norfolk General District Court. As explained to plaintiff during the hearing, the Virginia Beach judge ordered plaintiff released from Virginia Beach custody, but the order did not alter plaintiff's status in any other court. The minimal length of time plaintiff was continued in custody does not rise to the level of a due process violation, especially when no evidence of negligence or malice exists. *See generally Baker v. McCollan*, 443 U.S. 137, 99 S.Ct. 2689, 61 L.Ed.2d 433 (1979) (holding that a wrongful detention for three days due to mistaken identity did not amount to a deprivation of liberty without due process of law). The Court finds that no triable issues of fact against Lanteigne exist, and accordingly, Lanteigne's motion for summary judgment is GRANTED.

### 6. *Robert J. McCabe*

■ Plaintiff brings this action against McCabe, Sheriff of the Norfolk Correctional Department, individually and in his official capacity. McCabe has moved to dismiss.

Plaintiff only mentions McCabe twice in his amended complaint. First, plaintiff states that McCabe "is legally responsible for the overall operation of [the Norfolk City Jail], including the Record Division thereof." (Am.Compl.¶ 4.) Second, plain-

tiff alleges that McCabe's "staff told plaintiff that they have no record of a 'hold' or 'detainer' issued to the Sheriff of the City of Virginia Beach." (Am.Compl.¶ 7.) Plaintiff alleges no personal action against McCabe. Furthermore, the doctrine of respondeat superior is not a basis for liability under 42 U.S.C. § 1983. *Monell v. Dep't of Social Servs.*, 436 U.S. 658, 663, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978). The Court finds that plaintiff has failed to state a claim upon which relief can be granted against McCabe, individually or in his official capacity. Accordingly, McCabe's motion to dismiss is GRANTED.

### 7. **Richard D. Holcomb**

Plaintiff brings this action against Holcomb, Commissioner of the Virginia Department of Motor Vehicles, individually and in his official capacity. Holcomb has moved for summary judgment.

■ Plaintiff alleges supervisory, as well as personal, claims against Holcomb, but the claims present no triable issues of fact. First, plaintiff states that Holcomb "is legally responsible for the overall operation of the Virginia Department of Motor Vehicles and each subdivision under his jurisdiction." (Am.Compl.¶ 5.) As the Court has reiterated numerous times, the doctrine of respondeat superior is not a basis for liability under 42 U.S.C. § 1983. *Monell v. Dep't of Social Servs.*, 436 U.S. 658, 663, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978). Therefore, Holcomb cannot be held liable in his supervisory role as Commissioner of the Virginia Department of Motor Vehicles.

■ Plaintiff also alleges that Holcomb: (1) wrongfully included information in plaintiff's driving record; (2) should

---

7. Specifically, plaintiff stated: "That's cruel and unusual punishment to take me from my regular assigned cell, with toothpaste, deodorant, showers every day, TV, whatever, in the general population, and put me in an administrative strip cell they call a drunk tank, a holding tank, after I had been in jail 50 something days." (Hrg. Tr. at 26.)

have known that plaintiff was wrongfully convicted and, therefore, should not have required plaintiff to meet certain conditions for reinstatement of his license; and (3) revoked plaintiff's driver's license for more than one year. (Pl. Br. in Opp. ¶¶ 2–6.) The Court finds that Holcomb properly acted at all times pursuant to Virginia statutory authority.[8] Assuming, *arguendo*, that plaintiff was wrongfully convicted and Holcomb knew or should have known such, Holcomb had no authority to stray from the provisions set forth in the Virginia Code. Therefore, no triable issues of fact exist against Holcomb.

Finally, Holcomb is entitled to rely upon plaintiff's conviction in the Virginia Beach General District Court; the retrial and reconviction, *de novo*, in the Circuit Court of Virginia Beach; and the affirmation of conviction in the Virginia Court of Appeals. Plaintiff has had ample opportunity to be heard. Holcomb's motion for summary judgment is GRANTED.

### III. CONCLUSION

For the foregoing reasons, the Court GRANTS the motions to dismiss of Oberndorf, Jacocks, Wichtendahl, Lamb, and McCabe. The Court also GRANTS the motions for summary judgment of Lanteigne and Holcomb.

---

**8.** *See* Va.Code §§ 46.2–383 (requirement that clerk of circuit court forward to DMV a copy of plaintiff's conviction); 46.2–389 (driving penalties and requirements necessitated a conviction of section 18.2–266 of the Virginia Code); 46.2–414 (dates used to calculate time period for revocation of plaintiff's license); and 46.2–498 (requirement that plaintiff attend driver improvement clinic before reinstatement of his driver's license.)